841 So.2d 1241 (2002)
CONSECO FINANCE et al.
v.
Norman D. MURPHY and Vicky C. Murphy.
1002054.
Supreme Court of Alabama.
June 28, 2002.
*1242 Robert A. Huffaker and R. Austin Huffaker, Jr., of Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, for appellants.
Clatus Junkin and Charles E. Harrison of Junkin & Harrison, Fayette, for appellees.
PER CURIAM.
Conseco Finance Corporation, Conseco Finance Corporation-Alabama (a subsidiary of Conseco Finance Corporation), and Carlos D. Tyler, an agent of Conseco Finance Corporation-Alabama, appeal the order of the trial court denying their motion to compel the plaintiffs Norman D. Murphy and Vicky C. Murphy to arbitrate their claims. We reverse and remand.
On December 21, 1999, the Murphys, Alabama residents, consolidated several debts by obtaining a loan from Conseco Finance Corporation-Alabama ("Conseco"). They executed a loan application and a note with Conseco's agent Tyler. The loan application listed the names and the out-of-state addresses of creditors who were to be paid from the proceeds of the loan the Murphys received from Conseco. The note showed that the Murphys received a loan of $45,500 from the lender, listed as "Conseco Finance Corp.-Alabama, 100 Concourse Parkway, Suite 305, Birmingham, AL 35244." The note provided that the Murphys repay the loan by paying $513.42 per month from February 2, 2000 through January 2, 2020 to "Conseco Finance, 7360 South Kyrene Road, Tempe, AZ 85283." The note contained an arbitration provision.
On October 11, 2000, the Murphys executed an agreement to extend the maturity *1243 date of their loan from January 2, 2020 to March 2, 2020. The extension agreement named "Conseco Finance Corp.-Alabama" as the creditor, but a header on the agreement contained the following name, address, and telephone number: "Conseco Finance Servicing Corp., 7360 S. Kyrene Road, Tempe, Arizona, XXXXX-XXXX, 888-315-8733."
On January 26, 2001, the Murphys sued the defendants Conseco Finance Corporation, Conseco Finance Corporation-Alabama, and Carlos D. Tyler for fraudulent misrepresentation and fraudulent deceit. The Murphys alleged that the defendants had told the Murphys that their debts "would be consolidated under one debt consisting of a monthly payment of $513.00" and that "Conseco would re-finance the loan in three (3) months time at 8.265 interest." (Complaint, pp. 3, 4, & 6.)
The defendants moved to compel the Murphys to arbitrate their claims. As evidentiary support for the motion to compel, the defendants submitted an affidavit by Roxanne Wheelerthe credit manager of mortgage services for Conseco Finance Corporationand the loan application and the note executed by the Murphys.
The arbitration provision in the note provides, in pertinent part:
"9. ARBITRATION
"All disputes, claims, or controversies arising from or relating to this Agreement or the relationships which result from this Agreement, or the validity of this arbitration clause or the entire Agreement, shall be resolved by binding arbitration by one arbitrator selected by Lender with Borrower's consent. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, Title 9 of the United States Code. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY LENDER (AS PROVIDED HEREIN). The parties agree and understand that all disputes arising under case law, statutory law and all other laws including, but not limited to, all contract, tort, and property disputes will be subject to binding arbitration in accord with this agreement.... Notwithstanding anything hereunto the contrary, Lender retains an option to use judicial or non-judicial relief to enforce a security agreement relating to the collateral secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation or to foreclose on the collateral...."
Wheeler's affidavit reads, in pertinent part:
"My name is Roxanne Wheeler. I am over the age of twenty-one years. I am the Credit Manager for the Mortgage Services Division of Conseco Finance Corp., which is a Delaware Corporation. Conseco Finance Corp.-Alabama is a wholly owned subsidiary of Conseco Finance Corp. (collectively, `Conseco Finance'). I make this Affidavit in support of Conseco Finance's position in this case.
"I am one of the persons who has custody and control of the business records of Conseco Finance concerning the *1244 account of Norman D. Murphy and Vicky C. Murphy (the `Consumers')....
". . . .
"On or about December 21, 1999, [the Murphys] entered into an agreement with Conseco Finance to borrow money for the purpose of consolidating their debts. A copy of the Uniform Residential Loan Application and a Note (`Loan Documents') evidencing the loan are attached hereto as Exhibit A.
"The Loan Documents included an arbitration provision. (Ex. A.)
"On or about October 11, 2000, [the Murphys] entered into an agreement with Conseco Finance to extend the maturity date of the December 21, 1999 loan. A copy of the Conseco Finance Extension Agreement (`Extension Agreement') evidencing this transaction is attached hereto as Exhibit B.
"Under both the Loan Documents and the Extension Agreement, [the Murphys] were to make payments on their loan to a designated location outside the State of Alabama. (Ex. A, B.)
"In the performance of its regular and routine business activities, Conseco Finance executes notes and mortgages in the State of Alabama and other states. The funding that Conseco Finance uses to provide this financing is obtained from sources all over the United States."
The Murphys did not file any motion, brief, or evidentiary materials opposing the motion to compel arbitration. However, at a hearing on the motion, the Murphys argued that the arbitration provision was unenforceable because 1) it did not have a substantial effect on interstate commerce, 2) it lacked mutuality of remedy, and 3) it was unconscionable because the Murphys did not have a real choice in selecting an arbitrator. After hearing arguments and considering the evidentiary materials submitted by Conseco, the trial court summarily denied the motion to compel arbitration. The trial court also denied the subsequent motion of Conseco to alter, to amend, or to vacate the order denying the motion to compel arbitration.
The parties bring two issues before us on this appeal. The first is whether Conseco satisfied its initial burden of establishing that the loan substantially affected interstate commerce so that the Federal Arbitration Act ("FAA") governs the transaction. The second issue is whether the Murphys satisfied their burden of proving their affirmative, see Rule 8(c), Ala. R. Civ. P., claim of unconscionability, which they asserted to avoid operation of the arbitration provision.

Standard of Review
"This Court reviews the denial of a motion to compel arbitration de novo. Green Tree Fin. Corp. v. Vintson, 753 So.2d 497, 502 (Ala.1999); Patrick Home Ctr., Inc. v. Karr, 730 So.2d 1171, 1172 (Ala.1999). The party seeking to compel arbitration has the initial burden of proving the existence of a contract calling for arbitration and proving that the contract evidences a transaction substantially affecting interstate commerce. TranSouth Fin. Corp. v. Bell, 739 So.2d 1110, 1114 (Ala.1999); Sisters of the Visitation v. Cochran, 775 So.2d 759 (Ala. 2000)."
American General Fin., Inc. v. Morton, 812 So.2d 282, 285 (Ala.2001).
"[O]nce a moving party has satisfied its burden of production by making a prima facie showing that an agreement to arbitrate exists in a contract relating to a transaction substantially affecting interstate commerce, the burden of persuasion shifts to the party opposing arbitration. that party presents no evidence in opposition to a properly supported motion to compel arbitration, then the *1245 trial court should grant the motion to compel arbitration."

Ex parte Greenstreet, Inc., 806 So.2d 1203, 1209 (Ala.2001) (emphasis added).

I. Interstate Commerce Criterion
Conseco argues that Wheeler's affidavit proves that the loan had enough of an effect on interstate commerce to support the application of the FAA and thereby to require the Murphys to arbitrate their claims against Conseco. The facts cited by Conseco to establish the interstate commerce criterion for the application of the FAA are similar to but stronger than the facts this Court found sufficient to satisfy the interstate commerce criterion in Green Tree Fin. Corp. v. Lewis, 813 So.2d 820 (Ala.2001). Thus, Conseco has satisfied its initial burden of establishing that the loan had a substantial effect on interstate commerce, and the Murphys have offered no evidence to refute Conseco's proof. We do observe that, because the interstate transactions cited in the last paragraph of Roxanne Wheeler's affidavit either are not related to the transaction between Conseco and the Murphys at all or are not related in any particularized way, those interstate transactions do not add to Conseco's proof that the transaction with the Murphys substantially affected interstate commerce.

II. Unconscionability
The only argument asserted by the Murphys on appeal is that the arbitration provision is unconscionable and, therefore, unenforceable. "Unconscionability is an affirmative defense, Green Tree Fin. Corp. v. Wampler, 749 So.2d 409, 415 (Ala.1999), and the party asserting the defense bears the burden of proof. Ex parte Napier, 723 So.2d 49, 52-53 (Ala.1998)." Fleetwood Enters., Inc. v. Bruno, 784 So.2d 277, 281 (Ala.2000). This Court has previously held that arbitration provisions not materially distinguishable from the one in the note executed by the Murphys are not unconscionable. See Green Tree Fin. Corp. v. Lewis, supra; Green Tree Fin. Corp. v. Wampler, supra; Green Tree Fin. Corp. v. Vintson, 753 So.2d 497 (Ala.1999); Ex parte Parker, 730 So.2d 168 (Ala.1999); and Ex parte Napier, 723 So.2d 49 (Ala. 1998). Further, the Murphys offered no evidence to prove that the arbitration provision was unconscionable. Unlike the arbitration provision we held to be unconscionable in American General Fin., Inc. v. Branch, 793 So.2d 738, 747 (Ala.2000), the arbitration provision in the case before us does not limit the kind or amount of damages the Murphys can recover. Also, the record is devoid of evidence that the Murphys tried unsuccessfully to borrow from another finance company that would not require them to arbitrate, while the plaintiffs in American General Fin., Inc. v. Branch submitted evidence which established that they did try unsuccessfully to find a lender that would not impose arbitration on them.

Conclusion
Because the Murphys did not present evidence to rebut the defendants' prima facie showing that Conseco's loan to them substantially affected interstate commerce and thereby supported the application of the FAA to require them to arbitrate their claims, and because the Murphys did not present evidence to prove that the arbitration provision in the loan was unconscionable, the trial court erred in denying the defendants' motion to compel arbitration. Thus, we reverse the order of the trial court denying the motion of the defendants to compel the Murphys to arbitrate their claims. We remand this case for the trial court to enter an order compelling the *1246 Murphys to arbitrate their claims against the defendants.
REVERSED AND REMANDED.
HOUSTON, SEE, LYONS, HARWOOD, WOODALL, and STUART, JJ., concur.
BROWN, J., concurs in the result.
JOHNSTONE, J., concurs in part and dissents in part.
MOORE, C.J., dissents.
JOHNSTONE, Justice (concurring in part and dissenting in part).
I dissent from the judgment only because I think the arbitration provision allowing Conseco to sue but requiring the Murphys to arbitrate invalidates the arbitration agreement in its entirety. See my dissent in Green Tree Fin. Corp. v. Vintson, 753 So.2d 497, 505 (Ala.1999). In all other respects, however, I concur in the main opinion and its rationale.