894 So.2d 625 (2003)
PROVIDIAN NATIONAL BANK et al.
v.
John SCREWS, Charles Richardson, and Gloria Shade.
1020668.
Supreme Court of Alabama.
October 3, 2003.
William H. Brooks and William H. Morrow of Lightfoot, Franklin & White, L.L.C., Birmingham; and Courtney R. Potthoff of Williams, Potthoff, Williams & Smith, L.L.C., Eufaula, for appellants.
J. Gusty Yearout and C. Eugenia Lambeth of Yearout & Traylor, P.C., Birmingham, for appellees.
*626 HOUSTON, Justice.
Providian Financial Corporation, Providian National Bank, Providian Bank, and Providian Bancorp Services (hereinafter referred to collectively as "Providian") appeal from an order of the Barbour Circuit Court denying their motion to compel arbitration. We reverse and remand.

Facts and Procedural History
On August 1, 2002, John Screws, Sheila Adams, Terry Person, Charles Richardson, and Gloria Shade (hereinafter referred to collectively as "the plaintiffs") sued Providian in the Barbour Circuit Court. The plaintiffs are current or former holders of a credit card issued by Providian National Bank. The complaint alleges that Providian violated its credit-card agreements with the plaintiffs and engaged in "unconscionable, unfair and fraudulent" business practices by charging higher than agreed to interest rates, charging for services and products not requested by cardholders, and improperly assessing late fees.
Before filing this action, the plaintiffs were putative members of a national class action instituted against Providian ("the Providian class action"); the Providian class action alleged that Providian had engaged on a nationwide basis in deceptive business practices identical to those asserted in this case. On December 28, 2000, a settlement was reached in the Providian class action. On April 20, 2001, the California court hearing the Providian class action certified the class and approved the notice of class action settlement. The settlement notice was then mailed to class members, allowing them until July 23, 2001, to opt out of the class settlement. The plaintiffs chose to opt out of the settlement of the Providian class action.
In March 2001, before the California court approved the settlement in, and before the plaintiffs opted out of, the Providian class action, Providian National Bank notified holders of its credit card, including the plaintiffs, of a change in the terms of the credit-card agreement, inserting into the agreement an arbitration provision. Providian notified its cardholders of this change in the terms of their credit-card agreements by enclosing a notice in the monthly billing statement. The front page of the regular account statement contained the following language:
"* * *PLEASE SEE ENCLOSED IMPORTANT LEGAL NOTICE CONCERNING THE ADDITION OF AN ARBITRATION PROVISION TO YOUR ACCOUNT AGREEMENT. PLEASE READ IT CAREFULLY AND KEEP IT FOR YOUR RECORDS.* * *"
(Capitalization in original.)
A separate document labeled "Important Legal Notice of Change to Your Account Agreement" was enclosed with the monthly statement containing the above language. This notice informed the cardholder that an arbitration provision had been added to the credit-card agreement. The notice set out the terms of that provision; explained the differences between resolving claims in arbitration as opposed to court proceedings; and set out those claims that could be arbitrated. It defined "claim," for arbitration purposes, as follows:
"`Claim' means any dispute between you and us that arises as a result of or has anything at all to do with: (1) your Account; (2) the events leading up to your becoming an account holder; (3) this Agreement; (4) any prior credit account or agreement relating to such account; or (5) your relationship with us...."
Thus, under the definition of "claim" in the arbitration provision, the plaintiffs' claims would be subject to arbitration.
*627 Importantly, acceptance of the arbitration provision by the cardholder was not mandatory. The notice enclosed within the monthly billing statement began by stating:
"This notice is to advise you that the following Arbitration Provision will be added to your Account Agreement (the `Agreement'). The Arbitration Provision will become effective forty-five (45) calendar days after the Statement Date on the enclosed billing statement ... unless we receive prior to then a letter from you stating that you do not want the Arbitration Provision to become part of the Agreement.... If we receive such a letter on time, the Arbitration Provision will not become part of the Agreement, and the status of your Account will be unaffected by your rejection of the Arbitration Provision."
(Emphasis in original.) Therefore, based on the 45-day time frame contained in the notice, the arbitration provision, if not rejected, became effective in late April or early May 2001, depending on the date of the individual cardholder's billing statement. None of the plaintiffs rejected the arbitration provision. Approximately 15 months later, in August 2002, the plaintiffs filed this action.
On September 13, 2002, Providian filed a motion to compel arbitration of all claims asserted by plaintiffs Screws, Richardson, and Shade.[1] On December 5, 2002, the circuit court denied Providian's motion to compel arbitration. Providian appealed.

Analysis
The trial court cited multiple reasons for denying Providian's motion to compel arbitration. However, because this Court reviews de novo a trial court's denial of a motion to compel arbitration, we need not address all of those reasons. See Allied-Bruce Terminix Cos. v. Butler, 816 So.2d 9, 11-12 (Ala.2001). Instead, we must simply determine whether Providian, in moving to compel arbitration, established (1) that a contract calling for arbitration exists and (2) that the contract involves interstate commerce. See Celtic Life Ins. Co. v. McLendon, 814 So.2d 222, 224 (Ala.2001). Additionally, in this case we need address only the validity of the amended contract containing the arbitration provision; such a contract  one concerning the terms of a credit agreement between a national bank and the holders of its credit card  clearly involves interstate commerce.
This Court has previously enforced an arbitration provision added to credit-card agreements by amendment. See Ex parte Colquitt, 808 So.2d 1018 (Ala.2001). Further, this Court has continually held that express assent is not required in order for an arbitration provision to be enforceable. SouthTrust Bank v. Williams, 775 So.2d 184, 189 (Ala.2000) (holding that an arbitration provision added to a customer's account agreement by notice was valid and enforceable); Woodmen of the World Life Ins. Soc'y v. Harris, 740 So.2d 362, 367 (Ala.1999)(holding that express assent to an arbitration provision is not required when the arbitration provision is added by amendment); Ex parte Rager, 712 So.2d 333, 335 (Ala.1998)(noting that the inclusion of an arbitration provision is not a material alteration to an insurance policy requiring a signed application); Southern Foodservice Mgmt., Inc. v. American Fid. Assurance Co. 850 So.2d 316 (Ala.2002)(same).
In fact, the Legislature, by enacting Ala.Code 1975, § 5-20-5, has provided a procedure *628 for credit-card companies to amend their agreements with cardholders pursuant to which the cardholders' assent to the amendment can be deduced from their failure to respond:
"Notwithstanding the provisions of any other law, in connection with a credit card account, any domestic lender or any credit card bank may provide in the credit card agreement ... such... terms and conditions as such domestic lender or credit card bank and the debtor may agree from time to time.... In the event any domestic lender or credit card bank desires to modify in any respect any term of the credit card account, it shall first provide at least 30 days' prior written notice of such modification to the debtor. In providing such notice, such domestic lender or credit card bank shall advise the debtor in writing that the debtor has the option (i) to surrender the credit card whereupon the debtor shall have the right to continue to pay off the credit card account in the same manner and under the same terms and conditions as then in effect; or (ii) to hold the credit card after the 30-day period has elapsed, or to use the credit card during such period, either of which shall constitute the debtor's consent to the modification."
(Emphasis added.) In modifying the terms of its credit-card agreement by adding the arbitration provision, Providian went beyond the requirements of § 5-20-5 by (1) allowing the cardholder 45 days to reject the provision, and (2) allowing the cardholders to keep their original contract terms with Providian in the event they chose to reject the arbitration provision.
We analyzed and approved a similar modification in terms in SouthTrust Bank, 775 So.2d 184, 190:
"Indeed, it is precisely this kind of acquiescence that forms the basis for the implicit assent to modification of a credit-card-account term, as set forth in Ala.Code § 5-20-5....
"`....'
"... In other words, [§ 5-20-5] expressly provides that original agreements may be amended by the lender, based upon the apparent acquiescence of the cardholder, with or without a change-in-terms clause such as the ones involved in this case."
(Some emphasis original; some emphasis added.) Following this reasoning, we hold that the plaintiffs' failure to reject the arbitration provision within 45 days of receiving notice that it was being added to their credit-card agreements amounted to acquiescence to include the arbitration provision in their credit-card agreements.
The next issue we must address is whether the arbitration provision is unconscionable. Under Alabama law, arbitration provisions are not per se unconscionable. McDougle v. Silvernell, 738 So.2d 806, 809 (Ala.1999). Rather, the party asserting the affirmative defense of unconscionability bears the burden of proving that the provision is unconscionable. Conseco Fin. Corp. v. Murphy, 841 So.2d 1241, 1245 (Ala.2002).
The following evidence concerning the arbitration provision was presented to the trial court: 1) The arbitration provision does not limit the amount or type of relief that may be awarded; 2) the provision allows the cardholder to select any one of three arbitration administrators, each of whom provides reduced fees in consumer cases and waives fees under certain circumstances; 3) the provision does not require the arbitration of a claim brought in small claims court; 4) the provision does not require cardholders to arbitrate their claims while allowing Providian to pursue its claims in court; and, most *629 importantly, 5) every cardholder had the right to reject the arbitration provision without affecting the status of their credit-card account. We conclude that the arbitration provision is not unconscionable.
Finally, according to the terms of the arbitration provision, the plaintiffs' claims in the instant case are subject to arbitration:
"This Provision applies to Claims that arise prior to, on, or after the effective date of the provision. However, it does not apply to Claims asserted by you or on your behalf in a lawsuit that is pending on the Statement Date of the enclosed billing statement."
While the Providian class action settlement had yet to be approved by the court at the time of "the Statement Date," and thus was "pending at that time," the plaintiffs ultimately opted out of that action. The plaintiffs did not commence this action until August 1, 2002  over one year after the arbitration provision became an effective clause in their credit-card agreements with Providian. Therefore, the plaintiffs' claims are subject to the arbitration provision.
For the foregoing reasons, we hold that the arbitration provision is binding on the plaintiffs, and that Providian may enforce that provision. The trial court's order denying Providian's motion to compel arbitration is reversed and the case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
SEE, LYONS, BROWN, and STUART, JJ., concur.
JOHNSTONE, HARWOOD, and WOODALL, JJ., dissent.
HARWOOD, Justice (dissenting).
Although the plaintiffs' claims would otherwise fall within the definition of a covered "claim" in the arbitration provision, the concluding sentence of that definition states, as the main opinion notes: "However, [this arbitration provision] does not apply to Claims asserted by you or on your behalf in a lawsuit that is pending on the Statement Date of the enclosed billing statement." As of the statement date on the respective billings sent the plaintiffs in March 2001, the plaintiffs were putative members of a national class action against Providian pending in California. They were still class members 45 days later when the arbitration provision became effective for each of them. The class was certified in the national class action on April 20, 2001, and on that date the California court approved a notice of the settlement of the class action. That notice was then mailed to the members of the class, including the plaintiffs, advising them that if they wished to opt out of the class, they could do so at any time up until July 23, 2001. The plaintiffs all opted out of the national class action at some point during July, before the deadline. Thus, until their opt-outs in July 2001, there were claims asserted on their behalf in an action that was pending on the statement date on their March 2001 billing statements. The plaintiffs, individually, in the present action now reassert those very same claims. The fact that this is a different action does not alter the fact that the claims are the same. I cannot agree that just because the plaintiffs opted out of the national class action in July 2001 and thereby ceased to be members of the national class action as of that time, it follows that they did not previously have claims asserted on their behalf (as putative class members) in an action that was pending as of the statement date on their respective billings. The term "on your behalf" necessarily includes class actions within its field of operation.
*630 I find no ambiguity in the "exclusion" clause in question, and I read its straightforward text to state, as an integral feature of the proposed amendment to the credit-card agreement, that any claims being asserted on behalf of a customer in a class action pending on the statement date would not be considered to be a claim subject to arbitration.
JOHNSTONE and WOODALL, JJ., concur.
NOTES
[1] Providian did not move to compel arbitration of Person's and Adams's claims; thus, this appeal involves only the claims brought by Screws, Richardson, and Shade.