OPINION
By the Court, Maupin, J.:
In response to a certified question submitted by the Nevada Federal District Court,[1] we consider whether Nevada automobile insurers may contractually alter the statutory time frame within which an insured may file a claim for uninsured or underinsured motorist benefits. Although we do not entirely foreclose the possibility, we hold that the alteration provision before us is unenforceable and therefore void as against Nevada public policy.

INTRODUCTION

Automobile liability insurance policies issued for delivery in Nevada must, subject to narrowly defined exceptions, provide unin *709 sured and underinsured motorist protection[2] to any person insured under the policy.[3] UM and UIM coverages provide for the payment of first-party benefits to the insured based upon compensatory and general damages sustained in motor vehicle accidents involving uninsured or underinsured motorists who are liable in tort to the insured.[4]
This case involves a claim for UIM benefits lodged by Mr. Ike Fitts with his automobile liability insurer, State Farm Mutual Automobile Insurance Company. Fitts’ policy with State Farm provided third-party liability and UM/UIM coverages, each with limits of $50,000 per person injured or killed in a single accident.

FACTUAL AND PROCEDURAL HISTORY

Fitts sustained personal injuries in an automobile accident and filed suit against the adverse driver within the two-year statute of limitations governing tort actions brought in Nevada.[5] He ultimately reached a $15,000 policy limits settlement with the other driver’s liability insurer.
Fitts presented his UIM claim two years and two months after the accident, asserting that his damages exceeded $15,000. State Farm denied the claim based upon a limitation provision in its policy that required the insured to demand arbitration or file suit on any UM/UIM claim within two years of the date of the accident.
Fitts filed suit against State Farm in state court alleging breach of contract, violations of the Nevada Unfair Insurance Claim Practices Act, breach of implied covenants of good faith and fair dealing, intentional refusal to pay insurance benefits, and intentional infliction of emotional distress. State Farm removed the case to the Nevada Federal District Court.
By stipulation, the federal court submitted the following certified question of law to this court:
Is the following insurance policy provision for the uninsured and underinsured motorist coverage enforceable by the issuing carrier: “Under the uninsured motor vehicle coverages, any *710 arbitration or suit against us will be barred unless commenced within two years after the date of the accident.”

DISCUSSION

State Farm contends that its UM/UIM limitation provision validly prevents unreasonable exposure to remote UIM claims.
UM/UIM coverages provide important protection designed to' mitigate losses sustained by policy insureds in connection with collisions with uninsured or inadequately insured drivers.[6] ‘ ‘UIM insurance serves an important public purpose to ‘provide maximum and expeditious protections to the innocent victims of financially irresponsible motorists . . . .’”[7] Given the public policy considerations concerning UM/UIM protection, we review attempts to restrict such coverage with a high degree of scrutiny.
In Grayson v. State Farm Mutual Automobile Insurance, we embraced the notion that UM/UIM benefits are contractually based and, thus, UM/UIM claims are governed by the Nevada six-year statute of limitations for breaches of written agreements.[8] Accordingly, we held that UIM claims accrue for statute of limitations purposes from the date of claim denial.[9] In this, we observed: “there is no reason to time-bar an insured from claiming benefits bargained for in an insurance contract by beginning the statute of limitations before the insured is notified that [the] carrier has failed to fulfill its promise to pay a claim.”[10]
We also stated in Grayson that an insurer may protect itself from remote claims by implementing explicit, unambiguous time limitations in its insurance contracts.[11] State Farm took this dictum as an invitation to alter the statutory limitation period by implementing the two-year provision. Because first-party UM/UIM contractual benefits are based upon damages sustained in tort at the hands of a third-party driver, State Farm sought to restrict the window for filing UM/UIM claims in the same way that NRS 11.190 restricts actions in tort.
We conclude that the limitation provision at issue here runs afoul of important public policy considerations. First, UM/UIM *711 coverages provide important protection to the insurance consumer and should not be restricted except for reasons consistent with consumer protection. Second, the limitation clause in question may require suit or demand for arbitration even in the absence of an indication that the insurer will deny the claim. Third, State Farm’s attempt to limit the filing window to correspond with the Nevada limitation provision concerning tort liabilities unnecessarily forces the insured to file suit or demand arbitration within two years, regardless of whether he or she will ultimately pursue a claim for benefits.[12] Accordingly, such clauses will unnecessarily encourage litigation, which in turn will inevitably result in higher costs to the insurance consumer and unnecessary consumption of precious judicial resources. Thus, while an insured may formally or informally pursue a claim for UM or UIM coverage against his or her insurer starting from the date of the accident,[13] we reaffirm the proposition that a cause of action for breach of contract against the insurer does not accrue until the insurer formally denies UIM coverage benefits.[14]
Fitts claims that State Farm breached the insurance agreement by refusing to pay UIM benefits. Because he had six years after claim denial within which to press this claim under NRS 11.190(l)(b), and because he commenced his action within that period, State Farm may not deny coverage under the limitation clause at issue here.
We decline to reach the question raised by the parties under Grayson as to the reasonableness of a shortened contract limitation period running from the date of breach. This we leave for future consideration, if and when we are presented with a limitation clause couched in such terms.

CONCLUSION

We answer the certified question in the negative,, holding that State Farm’s UM/UIM policy limitation provision is void against public policy.
Shearing, C. J., Agosti, Rose, Becker, Gibbons and Douglas, JJ., concur.

NRAP 5.

Uninsured motorist coverage is sometimes referred to in this opinion as UM coverage. Underinsured motorist coverage is sometimes referred to in this opinion as UIM coverage.

See NRS 690B.020; NRS 687B. 145(2).

Underinsured motorist protection
enables the insured to recover up to the limits of his own coverage any amount of damages for bodily injury from his insurer which he is legally entitled to recover from the owner or operator of the other vehicle to the extent that those damages exceed the limits of the coverage for bodily injury carried by that owner or operator.
NRS 687B. 145(2).

 See NRS 11.190(4).

Siggelkow v. Phoenix Ins. Co., 109 Nev. 42, 45 , 846 P.2d 303, 305 (1993).

Grayson v. State Farm Mut. Auto. Ins., 114 Nev. 1379, 1382, 971 P.2d 798, 800 (1998) (quoting Green v. Selective Ins. Co. of America, 676 A.2d 1074, 1078 (N.J. 1996)).

Id.; see also NRS 11.190(l)(b) (stating that a party must commence “[a]n action upon a contract, obligation or liability founded upon an instrument in writing” within six years of the breach).

 114 Nev. at 1381-83, 971 P.2d at 799-800.

Id. at 1382, 971 P.2d at 800.

Id.

See Bergmann v. Boyce, 109 Nev. 670, 676, 856 P.2d 560, 564 (1993) (“NRCP 11 sanctions should be imposed for frivolous actions”).

See Lee v. Allstate Ins. Co., 648 F. Supp. 1295, 1298-99 (D. Nev. 1986); Grayson, 114 Nev. at 1381 n.3, 971 P.2d at 799-800 n.3.

Grayson, 114 Nev. at 1381-82, 971 P.2d at 799-800; see also Wille v. Geico Cas. Co., 2 P.3d 888, 892 (Okla. 2000) (adopting the majority view that “until a breach of the insurance contract occurs, there is no controversy under the contract upon which a party may sue”).