■ MILAGROS TSADILAS, Appellant, v PROVIDIAN NATIONAL BANK, Respondent. [786 NYS2d 478]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered February 25, 2004, which, in a putative class action for breach of a contract governed by New Hampshire and federal law, breach of the covenant of good faith and fair dealing, and violation of General Business Law § 349, granted defendant's motion to stay the action pending arbitration, unanimously affirmed, with costs.

Defendant sufficiently proved that it sent the arbitration provision to plaintiff (*see e.g. Kurz v Chase Manhattan Bank USA*, 319 F Supp 2d 457, 464 [SD NY 2004]). Plaintiff consented to it by failing to opt out (*cf. Providian Natl. Bank v Screws*, — So 2d —, 2003 WL 22272861, 2003 Ala LEXIS 298 [Ala 2003]) and by continuing to use her credit cards (*see e.g. Kurz*, 319 F Supp 2d at 465-466). Plaintiff is bound by the arbitration provision even if she did not read it (*see e.g. Brower v Gateway 2000*, 246 AD2d 246, 252 [1998]). *Continental Ins. Co. v Seppala & Aho Constr. Co., Inc.* (121 NH 374, 430 A2d 157 [1981]) and *Storms v United States Fid. & Guar. Co.* (118 NH 427, 388 A2d 578 [1978]) do not avail plaintiff because the arbitration provision is

clear; therefore, one need not inquire beyond its language to determine plaintiff's reasonable expectations.

The arbitration provision is enforceable even though it waives plaintiff's right to bring a class action (*see e.g. Gilmer v Interstate/Johnson Lane Corp.*, 500 US 20, 32 [1991]; *Rosen v SCIL, LLC*, 343 Ill App 3d 1075, 1082, 799 NE2d 488, 494 [2003], *lv denied* 207 Ill 2d 627, 807 NE2d 982 [2004]). Even if plaintiff cannot bring a class action, the Attorney General of the State of New York can bring an action to enforce General Business Law § 349 (*see e.g. Pyburn v Bill Heard Chevrolet*, 63 SW3d 351, 366-367 [Tenn Ct App 2001]). While the New Hampshire consumer protection statute provides for class actions (*see* NH Rev Stat Ann § 358-A:10-a), plaintiff chose to sue under the New York consumer protection statute. Under New York law, "a contractual proscription against class actions . . . is neither unconscionable nor violative of public policy" (*Ranieri v Bell Atl. Mobile*, 304 AD2d 353, 354 [2003], *lv denied* 1 NY3d 502 [2003]).

Plaintiff contends that the arbitration agreement exposes her to potentially unaffordable fees. However, "[t]he 'risk' that [plaintiff] will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement. To invalidate the agreement on that basis would undermine the 'liberal federal policy favoring arbitration agreements' " (*Green Tree Fin. Corp.-Alabama v Randolph*, 531 US 79, 91 [2000]). Furthermore, since plaintiff has failed to make use of her contractual right to ask defendant to pay her arbitration fees, her claim that the arbitration provision is unenforceable and unconscionable due to the potentially high arbitration fees is premature (*see Dobbins v Hawk's Enters.*, 198 F3d 715, 717 [8th Cir 1999]).

Plaintiff's argument that the credit card agreement as a whole is unconscionable is for the arbitrators, rather than this Court, to decide (*see e.g. Prima Paint Corp. v Flood & Conklin Mfg. Co.*, 388 US 395, 403-404 [1967]). The arbitration provision alone is not unconscionable because plaintiff had the opportunity to opt out without any adverse consequences (*see e.g. Providian Natl. Bank*, — So 2d —, 2003 WL 22272861, 2003 Ala LEXIS 298, *supra*; *Hutcherson v Sears Roebuck & Co.*, 342 Ill App 3d 109, 119, 793 NE2d 886, 892-893 [2003], *lv denied* 205 Ill 2d 582, 803 NE2d 482 [2003]). Arbitration agreements are enforceable despite an inequality in bargaining power (*see e.g. Gilmer*, 500 US at 33; *Mills v Nashua Fed. Sav. & Loan Assn.*, 121 NH 722, 433 A2d 1312 [1981]).

Plaintiff may not invoke the type-size requirements of CPLR 4544 because her own claims against defendant depend on

paragraph 4 of each credit card agreement, which appears to be in the same size type as the rest of the agreement (*see King Enters. v O'Connell*, 172 Misc 2d 925, 927-928 [1997]). Even if, arguendo, she could invoke that statute and it were not preempted by the Federal Arbitration Act, it is plaintiff's burden to prove that the credit card agreements violate the type-size requirements of CPLR 4544 (*see Monarch Prop. Assoc. v Benjamin*, 108 Misc 2d 251, 252 [1981], *mod* 114 Misc 2d 502 [App Term 1982]). Plaintiff has not met that burden; she submitted no evidence whatsoever on the type size of the credit card agreements. Finally, even if the credit card agreements could not be considered, defendant could still insert an arbitration provision pursuant to statute (*see* NH Rev Stat Ann § 384-G:12; Personal Property Law § 413 [3] [e]).

Defendant's reply papers were properly considered because they directly responded to plaintiff's opposition papers (*see e.g. Kelsol Diamond Co. v Stuart Lerner, Inc.*, 286 AD2d 586 [2001]). Concur—Tom, J.P., Mazzarelli, Friedman, Gonzalez and Sweeny, JJ.