WILLIAM A. PICARDI AND BETH ANN PICARDI, INDIVIDU-
ALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,
PETITIONERS, v. THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA, IN AND FOR THE
COUNTY OF CLARK, AND THE HONORABLE MARK R.
DENTON, DISTRICT JUDGE, RESPONDENTS, AND FT AUTO-
MOTIVE III, LLC, A NEVADA LIMITED LIABILITY COMPANY
DBA UNITED HYUNDAI, REAL PARTY IN INTEREST.

No. 53126

March 31, 2011                                    251 P.3d 723

---

*Law Offices of George O. West, III*, and *George O. West, III*, Las Vegas; *F. Paul Bland*, Washington, D.C., for Petitioners.

*Moran Law Firm, LLC*, and *Jeffery A. Bendavid*, Las Vegas, for Real Party in Interest.

Before the Court EN BANC.

## OPINION

By the Court, HARDESTY, J.:

In this petition for extraordinary writ relief, we consider whether an arbitration agreement is unenforceable because it is unconscionable or contrary to public policy when it requires consumers to waive their rights to participate in any form of class action litigation to pursue common claims that they may have concerning a retail installment sales contract. In the district court, petitioners' arguments were rejected, and the court entered an order compelling petitioners to participate in binding arbitration and prohibiting them from taking part in any class action proceeding against real party in interest.

Nevada public policy favors allowing consumer class action proceedings when the class members present common legal or factual questions but their individual claims may be too small to be economically litigated on an individual basis. We conclude that a clause in a contract that prohibits a consumer from pursuing claims through a class action, whether in court or through arbitration, violates Nevada public policy. Because the class action waiver provision in this matter precludes any form of class action relief, it is contrary to public policy and is therefore unenforceable. Here, because the terms of the arbitration agreement provide that it is void if the class action waiver is found unenforceable, there is no basis on which to compel arbitration.[1] Accordingly, the district court abused its discretion in compelling arbitration, and writ relief is warranted.

### FACTS AND PROCEDURAL HISTORY

In 2008, petitioners William A. Picardi and Beth Ann Picardi purchased a new vehicle from real party in interest FT Automotive III, LLC, d.b.a. United Hyundai. As part of the transaction, the Picardis traded in their previous vehicle and entered into a retail installment sales contract to finance the new vehicle's purchase. The Picardis also signed an addendum to the installment sales contract, which integrated an agreement regarding binding arbitration. The addendum read, in pertinent part, as follows:

---

[1]The petitioners claim that the class action waiver is unconscionable and challenge whether NRS 97.165's single-document rule, which requires that every retail installment transaction "be contained in a single document which must contain the entire agreement of the parties," voids the arbitration agreement in this case because it was not physically attached to the rest of the contract. Because we conclude that the class action waiver is unenforceable, thus voiding the arbitration agreement, we do not reach the merits of these claims.

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.

2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.

3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

. . . .

If any part of this Arbitration Clause, *other than the waivers of class action rights*, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable.

(Emphasis added.) Additionally, according to the agreement, any arbitration conducted under the agreement is governed by the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16 (2006).

After purchasing the vehicle, the Picardis filed in the district court a proposed class action complaint against United Hyundai alleging, among other things, fraud and violations of the Nevada Deceptive Trade Practices Act and the Nevada Retail Installment Sales Act. The class action claims were grounded on United Hyundai's alleged practices of erroneously charging new vehicle purchasers $38 for an emissions test, failing to properly disclose a $1,459 charge for an after-market paint protection product, and adding the ''negative equity'' of a purchaser's trade-in into the new ''vehicle selling price'' on the retail installment sales contract without disclosing and/or itemizing the amount of ''negative equity.'' The complaint sought special and exemplary damages, restitution, attorney fees and costs, and declaratory and injunctive relief.

When the Picardis refused United Hyundai's request to submit the matter to neutral, binding arbitration, United Hyundai filed a motion to compel arbitration in accordance with the arbitration clause and to stay the district court proceedings. The Picardis opposed the motion and filed a countermotion for a declaratory judgment, arguing, among other things, that the arbitration agreement was procedurally and substantively unconscionable and contrary to public policy and that it should therefore be held unenforceable. According to the Picardis' opposition and supporting declarations

from local attorneys, the class action waiver was exculpatory because, in cases such as the Picardis' where the individualized claims are relatively small, it is almost impossible to secure legal representation unless those claims are aggregated with the claims of other similarly situated individuals. The district court disagreed, granted the motion to compel arbitration, stayed any further district court proceedings, denied the Picardis' countermotion for a declaratory judgment, and prohibited the Picardis from participating in any form of class action against United Hyundai. The Picardis filed the instant petition, seeking a writ of mandamus directing the district court to vacate its order compelling arbitration and staying the district court action. As directed, United Hyundai timely filed an answer to the petition.

## DISCUSSION

"Writ petitions are the appropriate means to challenge district court orders compelling arbitration." *Gonski v. Dist. Ct.*, 126 Nev. 551, 556, 245 P.3d 1164, 1168 (2010). In general, the enforceability of contracts involves mixed questions of law and fact. *D.R. Horton, Inc. v. Green*, 120 Nev. 549, 553, 96 P.3d 1159, 1162 (2004). Questions of law are reviewed de novo, but deference is given to a district court's factual findings so long as they are supported by substantial evidence. *Id.*

In petitioning for mandamus relief, the Picardis contend that the arbitration agreement's class action waiver is procedurally unconscionable because it was adhesive and United Hyundai failed to disclose that in situations such as this one, where the potential recovery to individual plaintiffs is modest, the class action ban would act to prevent them from recovering on such claims, thus leaving them with no remedy. They also argue that the class action waiver provision is substantively unconscionable because it serves as an exculpatory clause, relieving United Hyundai of any liability for its alleged wrongdoing in cases where the potential damage award is small. The Picardis assert that the class action waiver should therefore be deemed unenforceable.

In its answer to the petition, United Hyundai argues, among other things, that because the Picardis failed to raise any arguments regarding the waiver being procedurally unconscionable in the district court, this court should decline to consider any such arguments. United Hyundai also argues that the class action waiver is not substantively unconscionable because, other than declarations from local attorneys who were not deemed expert witnesses in the district court, the Picardis never provided any evidence that they or similarly situated individuals would be unable to recover against United Hyundai in the absence of a class action.

There appears to be a split of authority concerning the enforcement of class actions waivers in arbitration agreements. United Hyundai directs our attention to a large contingency of cases concluding that such waivers are enforceable. *See, e.g., Jenkins v. First American Cash Advance of Georgia*, 400 F.3d 868, 878 (11th Cir. 2005); *Iberia Credit Bureau, Inc. v. Cingular Wireless*, 379 F.3d 159, 174-75 (5th Cir. 2004); *Livingston v. Associates Finance, Inc.*, 339 F.3d 553, 559 (7th Cir. 2003); *Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 638 (4th Cir. 2002); *Johnson v. West Suburban Bank*, 225 F.3d 366, 371 (3d Cir. 2000); *Sprague v. Household Intern.*, 473 F. Supp. 2d 966, 977 (W.D. Mo. 2005); *Gipson v. Cross Country Bank*, 294 F. Supp. 2d 1251, 1262-63 (M.D. Ala. 2003); *Fonte v. AT&T Wireless Services, Inc.*, 903 So. 2d 1019, 1024, 1027 (Fla. Dist. Ct. App. 2005); *Tsadilas v. Providian Nat'l Bank*, 786 N.Y.S.2d 478, 480 (App. Div. 2004).

The Picardis point out that a growing number of jurisdictions are holding that class action waivers in arbitration agreements are unenforceable. *See, e.g., Skirchak v. Dynamics Research Corp.*, 508 F.3d 49, 59 (1st Cir. 2007); *Ting v. AT&T*, 319 F.3d 1126, 1150 (9th Cir. 2003); *Leonard v. Terminix Intern. Co., L.P.*, 854 So. 2d 529, 539 (Ala. 2002); *Szetela v. Discover Bank*, 118 Cal. Rptr. 2d 862, 868 (Ct. App. 2002); *Kinkel v. Cingular Wireless LLC*, 857 N.E.2d 250, 274 (Ill. 2006); *Fiser v. Dell Computer Corporation*, 188 P.3d 1215, 1222 (N.M. 2008); *Vasquez-Lopez v. Beneficial Oregon, Inc.*, 152 P.3d 940, 960 (Or. Ct. App. 2007); *Thibodeau v. Comcast Corp.*, 912 A.2d 874, 886 (Pa. Super. Ct. 2006); *Scott v. Cingular Wireless*, 161 P.3d 1000, 1009 (Wash. 2007). These jurisdictions have varied reasoning for not enforcing class action waivers within arbitration agreements.

For instance, in *Kinkel*, the Supreme Court of Illinois determined that a class action waiver within an arbitration agreement was unenforceable because under the circumstances, which included undisclosed but costly arbitration fees and potential liability for liquidated damages, the consumer's "only reasonable, cost-effective means of obtaining a complete remedy [was] as either the representative or a member of a class." 857 N.E.2d at 275. In *Scott*, the Supreme Court of Washington struck down a class action waiver based on public policy that favors class actions "for purposes of efficiency, deterrence, and access to justice" in consumer settings where the claims are relatively small. 161 P.3d at 1005. The court explained the policy by stating that when consumers' claims are "small but numerous, a class-based remedy is the only effective method to vindicate the public's rights." *Id.*

The arbitration agreement here provides that any arbitration under the agreement "shall be governed by the Federal Arbitration

Act [9 U.S.C. §§ 1-16 (2006)] and not by any state law concerning arbitration." The FAA embodies "a strong public policy favoring arbitration for the purpose of avoiding the unnecessary expense and delay of litigation where parties have agreed to arbitrate." *Burch v. Dist. Ct.*, 118 Nev. 438, 442, 49 P.3d 647, 650 (2002). However, the FAA does not require states to enforce arbitration agreements and it does not prohibit states, in regulating arbitration agreements under general contract principles, from invalidating an arbitration clause " " " "upon such grounds as exist at law or in equity for the revocation of any contract." " ' "*Id.* at 443, 49 P.3d at 650 (quoting *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 281 (1995) (quoting 9 U.S.C. § 2)). Therefore, in order to determine whether a class action waiver rooted in an arbitration agreement is enforceable, we must look to generally applicable state contract law. *Id.*

Under Nevada contract law principles, courts may refuse to enforce a provision of a contract that contravenes the state's public policy. *See generally Rivero v. Rivero*, 125 Nev. 410, 429, 216 P.3d 213, 226 (2009) ("Parties are free to contract, and the courts will enforce their contracts if they are not unconscionable, illegal, or in violation of public policy."); *State Farm Mut. Auto. Ins. Co. v. Fitts*, 120 Nev. 707, 708, 99 P.3d 1160, 1161 (2004) (considering a certified question regarding the enforceability of a provision in an insurance policy that required an insured to arbitrate or file suit on a claim for uninsured or underinsured motorist coverage that was outside the statutorily proscribed statute of limitations, this court held that such a provision was "unenforceable and therefore void as against Nevada public policy"); *State Farm Mut. Auto. Ins. v. Hinkel*, 87 Nev. 478, 481, 488 P.2d 1151, 1153 (1971) (holding that "[a]n insurance company may limit coverage only if the limitation does not contravene public policy"); *see also Fisher v. DCH Temecula Imports LLC*, 114 Cal. Rptr. 3d 24, 34 (Ct. App. 2010) (" '[P]rivate contracts that violate public policy are unenforceable.' " (quoting *Gutierrez Autowest, Inc.*, 7 Cal. Rptr. 3d 267, 281 (2003))); Restatement (Second) of Contracts § 178(1) (1981) ("A promise or other term of an agreement is unenforceable on grounds of public policy if . . . the interest in its enforcement is clearly outweighed in the circumstances by a public policy against the enforcement of such terms."). Thus, "arbitration agreements cannot be used to avoid rights and liabilities imposed by statute when doing so would violate the public policy of this state." *Gonski*, 126 Nev. at 563, 245 P.3d at 1172. And although Nevada public policy favors enforcement of arbitration provisions, "[t]he policy of enforcing arbitration arises . . . only after an enforceable agreement to arbitrate is found to exist." *Id.* at 557,

245 P.3d at 1168-69. The parties were invited to brief the issue of who, the arbitrator or the court, should decide whether the arbitration clause was unconscionable on public policy grounds. *See Stolt-Nielson S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 673-74 (2010) (overturning an arbitration panel's decision because "[r]ather than inquiring whether the FAA, maritime law, or New York law contains a 'default rule' under which an arbitration clause is construed as allowing class arbitration in the absence of express consent, the [arbitration] panel proceeded as if it had the authority of a common-law court to develop what it viewed as the best rule to be applied in such a situation"). Because we hold that the arbitration agreement in this case is unenforceable, we need not address the public policy that favors enforcement of valid arbitration agreements. What does warrant discussion, however, is Nevada's strong public policy in favor of class actions.

NRCP 23(b)(3) is one of the provisions that authorizes maintenance of a class action and demonstrates a state policy favoring class actions when the class members present common questions of law or fact that predominate over any questions affecting only individual members. Nevada caselaw similarly demonstrates that class actions effectively provide a forum for "individuals [who would] be unable to obtain any redress for 'wrongs otherwise irremediable because the individual claims are too small . . . .'" *Shuette v. Beazer Homes Holdings Corp.*, 121 Nev. 837, 846, 124 P.3d 530, 537 (2005) (quoting *Johnson v. Travelers Insurance Co.*, 89 Nev. 467, 470, 515 P.2d 68, 71 (1973)). Additionally, class actions serve a valuable function in Nevada's judicial system by increasing efficiency because the courts do not have to use their limited resources deciding a litany of cases that stem from a single incident and present similar issues. *D.R. Horton v. Dist. Ct.*, 125 Nev. 449, 458, 215 P.3d 697, 703 (2009). This recent caselaw further evinces Nevada's strong public policy in favor of class actions in order to provide multiple plaintiffs, who individually may have a valid but small claim, an adequate remedy at law. This public policy is consistent with the growing number of jurisdictions that favor aggregating small consumer claims. *See, e.g., Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326, 339 (1980) ("Where it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be without any effective redress unless they may employ the class-action device."); *Scott*, 161 P.3d at 1005 ("Washington's [class action rule] . . . demonstrates a state policy favoring aggregation of small claims for purposes of efficiency, deterrence, and access to justice."). The class action mechanism is important in cases involving small claims consumer cases

because "[t]he *realistic* alternative to a class action is not 17 million individual suits, but zero individual suits, as only a lunatic or a fanatic sues for $30." *Carnegie v. Household Intern., Inc.*, 376 F.3d 656, 661 (7th Cir. 2004). Therefore, we hold that the class action waiver within the Picardis and United Hyundai's arbitration agreement is unenforceable because it violates Nevada's public policy favoring class actions by prohibiting class status in both litigation and arbitration.

Because we conclude that the class action waiver in the arbitration agreement violates public policy, it is unenforceable. Because United Hyundai did not argue for severability, and because the arbitration agreement provides that it is void if the class action waiver is found unenforceable, there is no basis on which to compel arbitration. Therefore, we conclude that the district court abused its discretion in compelling arbitration and writ relief is warranted. Accordingly, we grant the Picardis' petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to set aside its order granting United Hyundai's motion to compel arbitration so that the district court action may proceed.

DOUGLAS, C.J., and CHERRY, SAITTA, GIBBONS, PICKERING, and PARRAGUIRRE, JJ., concur.