*Vandermast v. Wall & Assocs. Inc.*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand twenty-two.

PRESENT:
        SUSAN L. CARNEY,
        RICHARD J. SULLIVAN,
            *Circuit Judges,*
        J. PAUL OETKEN,
            *District Judge.**

_____

JEFFREY VANDERMAST, ON BEHALF OF THEMSELVES AND ALL PERSONS SIMILARLY SITUATED, BRIDGET VANDERMAST, ON BEHALF OF THEMSELVES AND ALL PERSONS SIMILARLY SITUATED,

        *Plaintiffs-Appellants,*

          v.                No. 20-3831

WALL & ASSOCIATES, INC.,

        *Defendant-Appellee.*

_____

---

* Judge J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANTS:                              EDWARD P. YANKELUNAS, HoganWillig
                                             PLLC, Amherst, NY.

FOR APPELLEE:                                BARRY M. KAZAN, Mintz & Gold LLP,
                                             New York, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Sinatra, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on October 22, 2020, is **AFFIRMED**.

Plaintiffs-Appellants Jeffrey and Bridget Vandermast appeal from the district court's dismissal of their complaint against Defendant-Appellee Wall & Associates Inc. The underlying complaint asserts related claims for common-law fraud, but on appeal the Vandermasts challenge the dismissal only as to their fraud claim brought under New York State General Business Law ("NY GBL") section 349. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

In October 2016, the Vandermasts entered an agreement with Wall for tax-relief services regarding the Vandermasts' state and federal tax liabilities in tax years 2000 through 2015 (the "Agreement"). Days after executing the Agreement, the Vandermasts purported to terminate it and demanded that Wall refund the payments they had made to Wall, totaling $23,820. The Vandermasts first sued Wall in New York state court, alleging causes of action for money had and received, fraud, conversion, and unjust enrichment. The state court dismissed the action based principally on the Agreement's forum-selection clause, in which the parties agreed: "Jurisdiction for any action by [the Vandermasts], or by [Wall], to enforce this agreement, or concerning services under this agreement, or concerning charges under this agreement, shall be exclusively in the Virginia courts located in Fairfax County, Virginia." J.A. 43.

After the dismissal, the Vandermasts sued Wall again in the same New York state court, asserting the same causes of action, and then filed an amended complaint in that action, adding a statutory claim under NY GBL section 349. Wall removed the case to federal district court, asserting the parties' diversity. Adopting the report and recommendation of Magistrate Judge Jeremiah McCarthy, the district court dismissed the amended complaint, concluding that collateral estoppel barred the Vandermasts' claims, all of which, in any event, were also covered by the Agreement's forum-selection clause and therefore were not properly subject to adjudication in the New York state courts.

We affirm the dismissal, concluding that the Agreement's forum-selection clause requires the Vandermasts to bring their claims, including their claim under NY GBL section 349, in Virginia state courts. A forum-selection clause is presumptively enforceable if the party seeking its enforcement can show that (1) it "was reasonably communicated to the party resisting enforcement," (2) it is mandatory rather than permissive, and (3) "the claims and parties involved in the suit are subject to" the clause. *Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A.*, 572 F.3d 86, 89 (2d Cir. 2009). Once those three elements are established, "the burden shifts to the party resisting enforcement to rebut the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* (internal quotation marks omitted). The Vandermasts argue that their NY GBL claim is not subject to the forum selection clause, and that in any event enforcing the forum selection clause would be unreasonable or unjust.

## I. The forum-selection clause applies to the NY GBL claim

To determine the applicability of a forum-selection clause to particular claims, a court must "examine the substance of [the] claims as they relate to the precise language of the clause." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 389 (2d Cir. 2007). By its terms, the clause at issue here applies to "any action by [the Vandermasts], or by [Wall], . . . concerning services under . . . or concerning charges under" the Agreement. J.A. 43. Relying on *Altvater*, the Vandermasts argue that the clause does not cover their NY GBL claim because that claim "concern[s] deceptive acts and practices which occurred prior to the formation of the

3

agreement" and therefore "did not 'originate' from or 'arise out of' the agreement." Appellants' Br. at 16 (emphasis omitted). The gravamen of the NY GBL claim is the same as that of the Vandermasts' previously raised common-law fraud claim—namely, that Wall "was able to collect large fees from the [Vandermasts] . . . with no intention of ever performing any services." J.A. 264, ¶ 194. The NY GBL claim undoubtedly "concern[s] services" and "charges" under the Agreement: indeed, in both actions the Vandermasts' sought the return of the $23,820 paid to Wall as damages for the alleged wrong. The Vandermasts' additional factual allegations in their NY GBL claim, "describing [Wall's] deceptive advertising on television and radio . . . and third-party website[s]," as well as "misleading statements" on Wall's website, Appellants' Br. at 16, do not alone place that claim outside the scope of the forum-selection clause: whether induced by those advertisements or something else, the claim still arises from their Agreement with Wall and payment pursuant to the Agreement. The forum-selection clause therefore encompasses all of the claims that the Vandermasts have asserted against Wall in this suit.

## II. The forum-selection clause is enforceable

The presumptive enforceability of a forum-selection clause may be overcome "by a clear showing that the clauses are 'unreasonable' under the circumstances." *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1363 (2d Cir. 1993) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). Under *Roby*, a forum-selection clause may be found unreasonable and unenforceable if (1) its inclusion in the agreement resulted from fraud or overreaching; (2) the complaining party will "for all practical purposes be deprived of his day in court," due to the "grave inconvenience or unfairness of the selected forum"; (3) "the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy"; or (4) the clause is contrary to "a strong public policy of the forum state." *Id.* (internal quotation marks omitted). In applying the *Roby* analysis, we look to closely related law developed regarding application of the doctrine of *forum non conveniens*. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for the W. Dist. of Texas*, 571 U.S. 49, 60 (2013) ("[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*."). Here, the Vandermasts submit that the Agreement's forum-selection clause is

unreasonable as applied here for several reasons: (1) it unfairly deprives them of the class-action remedy (the third *Roby* factor), (2) it violates New York public policy favoring consumer class actions (the fourth *Roby* factor), and (3) it subjects the Vandermasts to "grave inconvenience" during the pandemic (the second *Roby* factor). Appellants' Br. at 27.

We are unpersuaded. First, as to fundamental unfairness, the question is whether the application of the chosen law "presents a danger that the [plaintiffs] will be deprived of *any* remedy or treated unfairly." *Roby*, 996 F.2d at 1363 (emphasis in original) (internal quotations omitted). The possibility that a damages award will be lower in the designated jurisdiction does not justify overriding an applicable forum-selection clause. *See Alcoa S. S. Co. v. M/V Nordic Regent*, 654 F.2d 147, 159 (2d Cir. 1980) ("[T]he prospect of a lesser recovery does not justify refusing to dismiss on the ground of forum non conveniens."). The Vandermasts have made no showing that they would not receive a fair hearing on their individual claims in Virginia courts. The prospect that the Virginia courts may not adjudicate their claim as a class action is not enough to demonstrate that enforcing the forum-selection clause would be fundamentally unfair to them.

Second, as to public policy, it is true that New York maintains a strong public policy in favor of consumer class actions. But the state also maintains a strong policy, countervailing here, in favor of enforcing forum-selection clauses. *See, e.g.*, *Brodsky v. Match.com LLC*, No. 09-5328, 2009 WL 3490277, at *4 (S.D.N.Y. Oct. 28, 2009) (collecting cases) ("New York's interest in protecting its consumers and businesses does not override its policy of enforcing forum selection clauses."); *cf. Tsadilas v. Providian Nat'l Bank*, 786 N.Y.S.2d 478, 480 (App. Div. 1st Dep't 2004) (in New York, "a contractual proscription against class actions is . . . neither unconscionable nor violative of public policy" (internal quotation marks omitted)).

Finally, any inconvenience caused to the Vandermasts as to litigating in Virginia during the pandemic cannot overcome the presumptive enforceability of the forum-selection clause. As Judge McCarthy described in his report and recommendation, "the pandemic's geographic impact is fluid and unpredictable," and significant litigation-related work can now be accomplished remotely, lessening the inconvenience of a forum's location. J.A. 397. The

Vandermasts have not shown that they would "for all practical purposes be deprived of [their] day in court" if they were forced to litigate in Virginia. *Roby*, 996 F.2d at 1363. Indeed, the Vandermasts have not even shown that COVID would affect the case more in Virginia than in New York, where (at least for the moment) the infection and hospitalization rates are actually higher than in Virginia. *See Coronavirus in the U.S.: Latest Map and Case Count*, N.Y. Times,  https://www.nytimes.com/interactive/2021/us/covid-cases.html (Dec. 21, 2021).

Therefore, notwithstanding the Vandermasts' newly raised NY GBL claim, the forum-selection clause is enforceable in this suit as it was in the first. It compelled the district court to dismiss their complaint.

* * *

We have considered the Vandermasts' remaining arguments and find in them no basis for reversal. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

6