◼    In the Matter of the Arbitration between BAROQUE FASHIONS, INC., Appellant, and SCOTNEY MILLS, INC., Respondent.— Order, entered on April 26, 1963, denying petitioner's application to stay arbitration, unanimously reversed, on the law and the motion is granted to the extent of ordering a hearing to determine whether there was an agreement to arbitrate, with costs to abide the event. The respondent may not be compelled to arbitrate unless it has clearly agreed to do so (*Matter of Level Export Corp.* [*Wolz, Aiken & Co.*], 305 N. Y.

82, 86; *Matter of Lehman* v. *Ostrovsky,* 264 N. Y. 130, 132). While an order form containing an arbitration clause need not be signed by the buyer to bind him to arbitration, it must be shown that by conduct the buyer did so agree to be bound (*Matter of Helen Whiting, Inc.* [*Trojan Textile Corp.*], 307 N. Y. 360, 368). The acceptance of goods delivered under an order containing a provision for arbitration could be considered an agreement on the part of the buyer to resolve disputes in the arbitral forum. The issue here to be resolved is whether the order forms containing the provision for arbitration were in fact delivered to the purchaser. The seller says they were — the buyer denies it. This conflict may only be resolved by a hearing. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.