■ JET SET INVESTMENTS, INC., Appellant, v DUBL-DUCK IMPORTS, INC., Respondent.—Order and judgment (one paper), Supreme Court, New York County (Burton Sherman, J.), entered January 22, 1990, which granted judgment in favor of respondent dismissing the petition for a stay of arbitration, and which directed the parties to proceed to arbitration, unanimously affirmed, with costs and disbursements. The appeal from the order of the same court entered on or about October 31, 1989 is dismissed as academic.

Respondent Dubl-Duck Imports, Inc., and Dubl-Duck Pet Products, Inc. (Pet Products), which is not a party to this action, entered into a contract on March 3, 1986, by which respondent obtained the exclusive right to purchase merchandise to be sold by Pet Products. The March 3, 1986 contract contained, in addition, a broad arbitration clause. Thereafter, on February 1, 1987, respondent, Pet Products, and petitioner Jet Set Investments, Inc. entered into a "modification and settlement" agreement which contained no arbitration clause, but which by its terms incorporated the March 3, 1986 agreement, although modifying and superceding the March 3, 1986 agreement in various ways not here relevant.

While petitioner was not a signatory to the March 3, 1986 agreement, it was a signatory to the February 1, 1987 agreement. Petitioner's contention that it is not bound to arbitrate the present disputes must therefore be rejected, since the February 1 agreement incorporated the arbitration clause of the March 3 agreement. We perceive no ambiguity in the respective agreements, which are clearly and expressly worded and leave no doubt that arbitration of the present dispute was contemplated and intended by the parties. Concur —Ross, J. P., Kassal, Ellerin and Wallach, JJ.