■ In the Matter of the Arbitration between BAY ANESTHESIA, P. C., Appellant, and RICKY ZEGELSTEIN, Respondent. [598 NYS2d 506] —Judgment, Supreme Court, New York County (Beverly S. Cohen, J.), entered September 23, 1992, insofar as appealed from, unanimously affirmed, with costs.

The IAS Court properly denied the petition to stay arbitration and granted the cross-motion to direct the parties to proceed to arbitration in accordance with their agreement. Although an agreement to arbitrate must be in writing, it need not be signed by either or both of the parties (CPLR 7501; *Just In-Material Designs v I.T.A.D. Assocs.,* 94 AD2d 103, 106). While neither party herein signed the other's agreement, they each signed an agreement containing the identical arbitration clause initially included in petitioner's form agreement, thus indicating "an express manifestation by each side to have disputes resolved by arbitration" *(Matter of Lory Fabrics [Dress Rehearsal],* 78 AD2d 262, 269). The validity of the agreement was also established by its extension pursuant to the modification agreement *(see, Michel & Co. v Anabasis Trade,* 50 NY2d 951). The court thus properly found an " 'express, unequivocal agreement' " to arbitrate *(Matter of Marlene Indus. Corp. [Carnac Textiles],* 45 NY2d 327, 333). Finally, while respondent sought to arbitrate during the term of the modification agreement, any question regarding whether the agreement had terminated is properly reserved for the arbitrators *(see, Matter of Vann v Kreindler, Relkin & Goldberg,* 78 AD2d 255, 260-261). Concur—Sullivan, J. P., Milonas, Ellerin and Asch, JJ.