■ RUDOLPH & BEER, L. L. P., Respondent, v IANTO ROBERTS, Appellant. [688 NYS2d 553] —Order, Supreme Court, New York County (Carol Huff, J.), entered July 17, 1997, denying defendant's motion for summary judgment dismissing the complaint and granting plaintiff's motion for partial summary judgment to the extent of holding that the arbitration clause in a retainer agreement signed by plaintiff, but not by defendant, was unenforceable, unanimously reversed, on the law, without costs, plaintiff's motion denied, defendant's motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

In June 1995, defendant asked plaintiff law firm to represent him in his negotiations with the City of New York to construct an auto racing facility on Staten Island. By letter dated July 16, 1995, plaintiff proposed a retainer and fee arrangement, under which defendant would pay 10% of the gross receipts from the autodrome project and an hourly fee of $100, plus expenses. The hourly fee payments were deferred until the project began to bring in revenue. The letter agreement contained an arbitration clause stating that all disputes concerning the agreement or plaintiff's representation of defendant would be arbitrated in accordance with the rules of the American Arbitration Association.

Though the letter directed defendant to indicate acceptance by signing and returning it, he did neither. Plaintiff alleges that defendant refused plaintiff's repeated requests that he sign the agreement, but defendant denies this.

Autodrome, Inc., the corporation formed by defendant for the Staten Island project, was incorporated in July 1995. The principals of the plaintiff law firm were designated officers, partners and equity owners of Autodrome, Inc. By September 1995, plaintiff allegedly became concerned that it was not receiving any return on its investment of time and services and wrote to defendant to propose a buyout of its interest. The September 22, 1995 letter from Steven C. Beer (a partner in the firm) to defendant began as follows: "It was good to see you on Monday to discuss the Autodrome Project during which *we reconfirmed our fee arrangement agreed to in June,* which provides Rudolph & Beer with a ten (10%) percent interest in the entire Autodrome Project, dilutable to a minimum of five (5%) percent, in consideration for our services. Larry [Rudolph] and I have of course *relied upon this agreement* since coming on board as your counsel" (emphasis added). Mr. Beer appended billing records to this letter, which he explicitly stated

were enclosed so that defendant could calculate the value of the proposed buyout. This is significant because plaintiff now denies that the firm's compensation was governed by the letter agreement and claims that the billing records were sent because defendant was expected to pay the firm's usual $250 per hour fee. Defendant strongly disputes this claim.

Defendant maintains that he discharged the firm in November 1995 because it allegedly failed to render the services he required, namely helping Autodrome, Inc. secure a contract with the City to develop the site. When the parties failed to agree on compensation for plaintiff after the representation ended, plaintiff brought this action seeking quantum meruit reimbursement at its normal $250 per hour rate. As noted above, plaintiff contends that the retainer agreement, and the arbitration clause contained in it, are unenforceable because defendant never agreed to it. An additional dispute concerns the scope of the attorney-client relationship. Defendant claims that plaintiff was retained to represent Autodrome, not himself personally, while plaintiff argues that it only worked for defendant personally. Both parties moved for summary judgment. The motion court properly found an issue of fact as to whom the firm represented. However, it erred in concluding that the retainer agreement was void on the ground that there was no proof that defendant consented to any term of the retainer agreement until after the litigation was commenced.

Although CPLR 7501 states that an agreement to arbitrate must be in writing, "[t]here is no requirement that such a writing be signed by a party against whom arbitration is sought" (*McAlley v Boise-Griffin S. S. Co.*, 81 AD2d 771, *appeal dismissed* 54 NY2d 827). Presumably, it is even clearer that it is unnecessary that it be signed by the party seeking enforcement. This very issue arose in *Crawford v Merrill Lynch, Pierce, Fenner & Smith* (35 NY2d 291). The defendant in *Crawford* sought arbitration before the New York Stock Exchange, pursuant to a clause in an employment agreement that only the plaintiff had signed. The plaintiff, who wished to arbitrate before a different tribunal, contended that his former employer could not enforce the Stock Exchange arbitration clause because it had not signed the contract (*Crawford v Merrill Lynch, Pierce, Fenner & Smith, supra*, at 294-295). The Court of Appeals explicitly rejected this argument (*Crawford v Merrill Lynch, Pierce, Fenner & Smith, supra*, at 299). Just as in *Crawford*, plaintiff here seeks to deny defendant the benefit of an arbitration clause in an agreement which defendant did not sign, but which plaintiff always treated as governing the parties' relationship. Plaintiff's claim is baseless.

To enforce an arbitration clause in an unsigned agreement, it must be shown that the other party's conduct evinced an intent to be bound by the agreement (*Matter of Baroque Fashions [Scotney Mills]*, 19 AD2d 873, 874). Here, plaintiff's own words in its September 22 letter state that, a few days previously, the parties had "reconfirmed our fee arrangement agreed to in June". Moreover, in a letter to defendant dated September 20, 1995, Mr. Beer refers to himself as "an officer, partner and equity owner in Autodrome, Inc.", strongly supporting the proposition that defendant accepted plaintiff's offer to be compensated with a stake in the Autodrome venture instead of its full hourly fee. Finally, there is simply no evidence that defendant ever acted inconsistently with the retainer agreement or behaved as if a different payment schedule were in effect. Plaintiff's effort to avoid the arbitration clause is particularly disingenuous, in light of the fact that plaintiff is the one who drafted this contract provision, as well as the one whose conduct most clearly shows an intent to be bound by the contract containing this clause (*Liberty Mgt. & Constr. v Fifth Ave. & Sixty-Sixth St. Corp.*, 208 AD2d 73, 78-79). Accordingly, we grant defendant's motion to dismiss the action so that the case may be arbitrated. Among the issues to be determined in arbitration is whether plaintiff represented defendant, Autodrome, Inc., or both. Concur—Rosenberger, J. P., Nardelli, Williams and Andrias, JJ.