■ METROPOLITAN ARTS & ANTIQUES PAVILION, LTD., Appellant, v ROGERS MARVEL ARCHITECTS, P. L. L. C., Respondent. [731 NYS2d 613] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about April 2, 2001, which granted defendant's motion to stay the action and compel arbitration under the subject agreement, unanimously affirmed, with costs.

The court properly enforced the arbitration clause contained in the contract which was expressly incorporated into the parties' executed letter agreement (see, Matter of Bay Anesthesia [Zegelstein], 194 AD2d 397; Jet Set Invs. v Dubl-Duck Imports, 165 AD2d 703). There is no requirement that a written agreement to arbitrate be signed by a party against whom arbitration is sought, as long as there is an express, unequivocal agreement to arbitrate (see, Rudolph & Beer v Roberts, 260 AD2d 274, 276). We have considered plaintiff's remaining contentions and find them unavailing. Concur—Nardelli, J. P., Tom, Mazzarelli, Ellerin and Lerner, JJ.