■ RICHARD RANIERI, Appellant, v BELL ATLANTIC MOBILE et al., Respondents. [759 NYS2d 448] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered November 14, 2001, which, in a putative class action for breach of contract, fraud and deceptive trade practices arising out of certain representations made by defendant cellular phone companies concerning their rates, inter alia, granted defendants' motion to stay the action pending arbitration, unanimously affirmed, without costs.

There is no merit to plaintiff's argument that he never agreed to arbitrate any claims with defendants. The two identical "Cellular Service Orders" that plaintiff signed, in 1997 and 1999, gave clear notice that he was agreeing to the arbitration clause contained in the two identical "Cellular Service Agree-

ments" that were admittedly attached to the Orders. Given this clear intent to arbitrate, it does not avail plaintiff that his signature appears only on the Orders and not the Agreements, or that the Agreements were with only defendant Bell Atlantic Mobile, and not with its parent, defendant Bell Atlantic Corp., or its successor, defendant Verizon Wireless, or with the latter's parent, defendant Verizon Communications (*see Crawford v Merrill Lynch, Pierce, Fenner & Smith*, 35 NY2d 291, 299 [1974]; *Metropolitan Arts & Antiques Pavilion v Rogers Marvel Architects*, 287 AD2d 372 [2001]; *Rudolph & Beer v Roberts*, 260 AD2d 274, 275 [1999]). We would add that plaintiff's claim that the nonsignatory defendants are not entitled to the benefit of the arbitration provision contained in the Agreements is inconsistent with his claim that they are liable to him under those Agreements for breaches of contract.

The Agreements do not have any credit component that could bring them within the coverage of the Retail Instalment Sales Act (Personal Property Law art 10), under which waivers of the right to a jury trial are void (Personal Property Law § 403 [2] [h]), since the monthly payments corresponded to monthly service usage rather than installments on a larger indebtedness, and the provision for a late fee cannot be deemed interest for the extension of credit (*cf. Gailey Co. v Wahl*, 262 AD2d 985 [1999]).

It does not avail plaintiff to argue that the arbitration provision is unconscionable without offering evidence that he could not have chosen another service provider (*compare Powertel, Inc. v Bexley*, 743 So 2d 570 [Fla 1st Dist Ct App 1999], *review denied* 763 So 2d 1044 [Fla 2000]). Inequality of bargaining power alone does not invalidate a contract as one of adhesion when the purchase can be made elsewhere (*see Brower v Gateway 2000*, 246 AD2d 246, 252 [1998]). Also, given the strong public policy favoring arbitration (*see Matter of Smith Barney Shearson v Sacharow*, 91 NY2d 39, 49 [1997]; *Moses H. Cone Mem. Hosp. v Mercury Constr. Corp.*, 460 US 1, 24-25 [1983]), and the absence of a commensurate policy favoring class actions, we are in accord with authorities holding that a contractual proscription against class actions, such as contained in the Agreements, is neither unconscionable nor violative of public policy (*see Boomer v AT & T Corp.*, 309 F3d 404, 419 [2002]; *Johnson v West Suburban Bank*, 225 F3d 366 [2000], *cert denied sub nom. Johnson v Tele-Cash, Inc.*, 531 US 1145 [2001]; *Hale v First USA Bank, N.A.*, 2001 WL 687371, *7 n 4, 2001 US Dist LEXIS 8045, *23 n 4 [SD NY, 00 Civ 5406 (JGK), June 19, 2001]; *Lewis Tree Serv., Inc. v Lucent Techs., Inc.*, 239

F Supp 2d 332, 338 [SD NY 2002]; *Lozano v AT & T Wireless*, 216 F Supp 2d 1071 [CD Cal 2002]).

We have considered and rejected plaintiff's other arguments. Concur—Nardelli, J.P., Tom, Ellerin, Friedman and Marlow, JJ.