UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

DOROTHY POTEAT,
             *Plaintiff-Appellee,*

v.                                              No. 03-1497

RICH PRODUCTS CORPORATION,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Matthew J. Perry, Jr., Senior District Judge.
(CA-03-123-0)

Submitted: December 31, 2003

Decided: January 23, 2004

Before NIEMEYER and SHEDD, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Sue Erwin Harper, William C. Wood, Jr., Debbie Whittle Durban, NELSON, MULLINS, RILEY & SCARBOROUGH, L.L.P., Columbia, South Carolina, for Appellant. Thomas B. Smith, SMITH LAW FIRM, P.A., Easley, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Rich Products Corp. ("Rich Products") appeals a district court's order denying its Motion to Compel Arbitration and Dismiss or Stay Claims.[1] Rich Products, headquartered in New York, hired Dorothy Poteat, a South Carolina resident, in 2000 as a bakery trainer/consultant. On January 13, 2003, Poteat filed a complaint against Rich Products under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 (2000), alleging that for the past three years she worked an average of at least sixty hours per week, that she was entitled to overtime compensation of at least one and one-half times her regularly hourly rate for all hours worked in every work week in excess of forty hours, and that Rich Product's failure to give her such compensation violated the FLSA.

Rich Products moved to compel arbitration based on an arbitration provision in an Associate Agreement ("Agreement") signed by Poteat in New York in October 2000, approximately three months after she commenced employment. Poteat opposed the motion, maintaining that the agreement to arbitrate never came into effect because the Agreement was not signed by Rich Products, and that even assuming it was valid, the arbitration provision violates public policy because it forces her to relinquish certain statutory rights afforded under the FLSA. For the following reasons, we vacate the district court's order and remand with instructions to grant the motion to compel arbitration and dismiss the action.

As a threshold matter, we note that we have jurisdiction over this appeal. We may exercise jurisdiction only over final orders under 28 U.S.C. § 1291 (2000), and certain interlocutory and collateral orders

---

[1]We previously granted the parties' joint motion to submit this case on briefs.

under 28 U.S.C. § 1292 (2000). *See also* Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). The Federal Arbitration Act ("FAA"), however, expressly permits an immediate appellate challenge to a district court's denial of a motion to compel arbitration and motion to stay proceedings pending the outcome of arbitration. 9 U.S.C. § 16(a)(1)(A)-(B) (2000); *Am. Cas. Co. v. L-J, Inc.*, 35 F.3d 133, 135 (4th Cir. 1994); *see also Kansas Gas & Elec. Co. v. Westinghouse Elec. Corp.*, 861 F.2d 420, 422 (4th Cir. 1988) (finding district court order denying motion to compel arbitration an appealable interlocutory order under 28 U.S.C. § 1292(a)(1) (1994)). We review the district court's denial of the motion de novo. *Johnson v. Circuit City Stores*, 148 F.3d 373, 377 (4th Cir. 1998).

In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.[2] *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002). Agreements to arbitrate are construed according to ordinary rules of contract interpretation, as augmented by a federal policy requiring that all ambiguities be resolved in favor of arbitration. *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 710 (4th Cir. 2001). Whether a party agreed to arbitrate a particular dispute is a question of state law governing contract formation. *Adkins*, 303 F.3d at 501.

We must first determine which state's law must be applied in determining whether the agreement to arbitrate is enforceable. We find that under either New York law or South Carolina law, the agreement to arbitrate is enforceable. *See Crawford v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 319 N.E.2d 408, 412 (N.Y. 1974) (holding that employer who had not signed employment agreement containing arbitration clause could enforce the arbitration clause); *Rudolph & Beer, LLP v. Roberts*, 688 N.Y.S.2d 553, 555 (N.Y. App. Div. 1999) (noting that there is no requirement that an agreement to arbitrate be signed by a party against whom arbitration is sought and that, presum-

---

[2]Poteat does not dispute that these requirements have been met.

ably, it is even clearer that it is unnecessary that it be signed by the party seeking enforcement); *see also Jaffe v. Gibbons*, 351 S.E.2d 343, 346 (S.C. 1986) ("A contract does not always require the signature of both parties; it may be sufficient, if signed by one and accepted and acted on by the other"); *Peddlar, Inc. v. Rikard*, 221 S.E.2d 115, 117 (S.C. 1975) (holding that when a contract signed by one party only is accepted by the other party, it becomes binding upon both just as if it were signed by both); *Bishop Realty and Rentals, Inc. v. Perks, Inc.*, 355 S.E.2d 298, 300 (S.C. Ct. App. 1987) (holding contract was enforceable by party who did not sign the contract in light of fact that non-signatory party drafted the entire sales contract, its logo appeared at the top, and it retained a copy of the signed instrument in its files). We therefore find that the agreement to arbitrate is valid.

Last, we turn to the issue of whether the arbitration provision in the subject Agreement violates public policy. Specifically, Poteat argues on appeal, as she did below, that if the Agreement is otherwise deemed valid, arbitration should not be compelled because its terms force her to relinquish many of her statutory rights under the FLSA, thereby violating public policy.

Poteat relies on the Supreme Court's decision in *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728 (1981), for the proposition that a plaintiff's FLSA rights are not waivable. However, *Barrentine* was limited to the case of collective-bargaining arbitration. *Adkins*, 303 F.3d at 506. Furthermore, subsequent to *Barrentine*, the Supreme Court has made clear that statutory claims may be made subject to arbitration by agreement of the parties. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) ("By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial forum."); *see also Adkins*, 303 F.3d at 506 (holding that FLSA claims may properly be resolved in mandatory arbitration proceedings). We further find Poteat's arguments that the arbitration provision strips away certain statutory rights under the FLSA without merit.

Because the arbitration provision is valid under either New York or South Carolina law, FLSA claims may be subject to arbitration,

and the arbitration provision does not take away Poteat's statutory rights under the FLSA, the district court erred in denying Rich Product's motion to compel arbitration and dismiss or stay proceedings. Accordingly, we vacate the court's order denying Rich Product's motion to compel and remand with instructions to grant the motion to compel arbitration and dismiss the action. *See Choice Hotels*, 252 F.3d at 709-10 (holding that dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable).

*VACATED AND REMANDED WITH INSTRUCTIONS*