Joshua G. **FENSTERSTOCK**, Plaintiff,

v.

**EDUCATION FINANCE PARTNERS and Affiliated Computer Services, Defendants.**

No. 08 Civ. 3622 (TPG).

United States District Court, S.D. New York.

March 24, 2009.

Alan Edward Sash, McLaughlin and Stern, LLP, Karin Elizabeth Fisch, Orin Robert Kurtz, Abbey Spanier Rodd Abrams & Paradis, LLP, New York, NY, for Plaintiff.

Michelle Ognibene, Noah Adam Levine, Wilmer Cutler Pickering Hale & Dorr L.L.P., Washington, DC, Edward Kevin Lenci, Hinshaw & Culbertson LLP, New York, NY, for Defendants.

## OPINION

THOMAS P. GRIESA, District Judge.

Plaintiff Joshua Fensterstock claims, on behalf of a class, that defendants improperly apply an undisclosed fee to his student loan. Defendant Affiliated Computer Systems ("ACS") has moved to stay this action and to compel plaintiff to arbitrate his claims. Defendant Education Finance Partners ("EFP") has joined the motion. Plaintiff opposes the motion.

The motion is denied.

### Background

This action concerns a loan initiated on August 8, 2006, that consolidated plaintiff's existing student loans into a single $52,915.49 loan. According to plaintiff, defendants improperly determine how much of a loan payment to apply to principal (rather than interest) based on the date on which the payment is received, rather than based on the due date of the payment. Thus, if a payment is received on any day other than the due date—including before the due date—it will not be applied to principal correctly. Plaintiff claims that

this amounts to a hidden penalty on his loan, since it causes the principal to be paid off more slowly than it should be. Over the course of the loan, interest will accrue on this inflated amount of principal. By the time plaintiff filed this action in April 2008, he claims to have accumulated $263.19 in damages. However, he calculates that this amount will grow to "thousands of dollars" by the time the final payment is due in October 2035. Plaintiff believes that the same technique is applied to the loans held by the other members of the putative class.

The loan is governed by a Promissory Note, which EFP drafted. Plaintiff claims that the Promissory Note does not disclose the existence of this penalty. However, the Promissory Note does include a provision that requires arbitration of claims brought under "any theory of law" relating to "any and all aspects" of the loan account, including its "terms, treatment, operation, handling, billing, [and] servicing," and "any disclosures or statements relating to [the] account." The provision also applies to claims "made as part of a class action or other representative action," and requires that the arbitration of such claims "proceed on an individual (non-class, non-representative) basis." No "class action ... or other representative action may be pursued in arbitration, nor may such [an] action be pursued in court."

Defendant EFP is a financing company that marketed and issued the loan to plaintiff. Plaintiff alleges that EFP failed to disclose the penalty when it issued the loan. He has therefore asserted claims against EFP for breach of contract, deceptive advertising, and fraud. Defendant ACS is a separate company that services plaintiff's loan. It is ACS that processes plaintiff's loan payments and determines what portion of the payments are applied to principal. Plaintiff has asserted claims

against ACS for breach of contract and fraud. The complaint seeks a declaration that the arbitration clause is void, an injunction against defendants continuing their deceptive practices, and damages.

ACS responded to the complaint by moving to compel arbitration on the basis of the arbitration clause in the Promissory Note, and to stay this proceeding until the completion of arbitration. EFP answered the complaint, but then joined in ACS's motion. Plaintiff opposes the motion principally on the ground that the arbitration clause is unconscionable under California law.

### Enforceability of the Arbitration Clause

Under the Federal Arbitration Act ("FAA"), if a case brought in federal court is subject to a contractual provision requiring arbitration, the court must usually stay the lawsuit pending the outcome of the arbitration. 9 U.S.C. § 3. However, this requirement does not apply if the arbitration provision is invalid on "such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Thus, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements" in accordance with the FAA. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996). Consequently, "the unconscionability of the underlying arbitration agreement must be resolved first, as a matter of state law, before compelling arbitration pursuant to the FAA." *Cap Gemini Ernst & Young, L.L.C. v. Nackel*, 346 F.3d 360, 365 (2d Cir.2003).

This raises a threshold question of which state's law should resolve the issue of unconscionability. A federal court sitting in a diversity case must apply the choice-of-law analysis of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313

U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Under New York law, courts should generally defer to contractual choice-of-law provisions, unless the most significant contacts with the matter in dispute are in another state. *Cap Gemini,* 346 F.3d at 365. Here, the parties do not dispute that under the choice-of-law provision in the Promissory Note, California law should apply to this action. Since EFP is a California corporation and ACS services the loan partially out of California, there is no reason to disregard the parties forum selection.

■ Thus, the court must look to California law to determine whether the arbitration provision is unconscionable. For a contractual provision to be held unconscionable under California law, it must be both procedurally and substantively unconscionable. *Armendariz v. Found., Health Psychcare Servs., Inc.,* 24 Cal.4th 83, 114, 99 Cal.Rptr.2d 745, 6 P.3d 669 (2000). However, "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable." *Id.*

The Supreme Court of California in *Discover Bank v. Superior Court,* 36 Cal.4th 148, 162–63, 30 Cal.Rptr.3d 76, 113 P.3d 1100 (2005), held that when an arbitration clause requires a consumer to waive the right to bring claims on behalf of a class, that waiver is unconscionable if (1) the waiver is found in a consumer contract of adhesion, (2) in a setting in which disputes between the contracting parties predictably involve small amounts of damages, and (3) it is alleged that the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money. Under such circumstances, the waiver is both procedurally and substantively unconscionable. It is

procedurally unconscionable because it is found in a contract of adhesion, in which the party with superior bargaining power drafts, the contract and requires the party to either accept or reject the contract in full. *Id.* It is substantively unconscionable because such waivers "are indisputably one-sided" because they operate to insulate a potential defendant from liability since any one plaintiff's damages will usually be too small to justify bringing an individual claim. *Id.* at 161, 30 Cal. Rptr.3d 76, 113 P.3d 1100.

■ Thus, the critical question is whether the class action waiver is enforceable under the three elements set forth in *Discover Bank.* It should be noted that defendants do not address *Discover Bank.*

With regard to the first element, it would appear that the Promissory Note is a contract of adhesion. It was presented on a "take it or leave it" basis, without plaintiff having an opportunity to negotiate the individual terms of the contract. However, defendants argue that the contract was not procedurally unconscionable because (1) plaintiff is an attorney, and should therefore have understood the meaning of the arbitration waiver, and (2) plaintiff could have entered into other loans.

■ California courts have occasionally declined to find procedural unconscionability in contracts of adhesion based on the sophistication of a party and the availability of alternative contracts "free of the terms claimed to be unconscionable." *Dean Witter Reynolds, Inc. v. Superior Court,* 211 Cal.App.3d 758, 772, 259 Cal. Rptr. 789 (1st Dist.1989). However, there is no showing here that plaintiff could have obtained a consolidation loan that did not contain a similar class action arbitration provision. Moreover, "the sophistication of a party, alone, cannot defeat a procedur-

al unconscionability claim." *Nagrampa v. MailCoups, Inc.,* 469 F.3d 1257, 1283 (9th Cir.2006). The cases cited by defendants are not to the contrary. In any event, the *Discover Bank* court was clear that the use of a contract of adhesion is sufficient to show procedural unconscionability in the context of class action waivers, where there is a high degree of substantive unconscionability because the waivers allow a company to reap a windfall from small injuries to individual consumers, while avoiding litigation.

As to the issue of substantive unconscionability, defendants contend that class members' damages would be sufficiently large to justify bringing individual actions. Defendants urge that since class members' damages would ultimately range in the thousands of dollars, they would have sufficient incentive to bring individual claims. This contention has no merit. The critical consideration is whether individual consumers will view their damages as sufficient to warrant the cost of individual litigation. *Cohen v. DirecTV, Inc.,* 142 Cal. App.4th 1442, 1452, 48 Cal.Rptr.3d 813 (2d Dist.2006). During the 20 months that plaintiff held the loan prior to filing the complaint, he accrued only $263.19 in damages. It would take years for class members to accrue enough damages to justify bringing individual claims, and it seems unlikely that most class members would bring claims for injunctive relief in order to avoid the accumulation of damages over a lengthy period.

Finally, the complaint satisfies the third element because it alleges "that the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money." *Discover Bank,* 36 Cal.4th at 162–63, 30 Cal.Rptr.3d 76, 113 P.3d 1100. The complaint in this case makes precisely this allegation.

Because the arbitration clause effectively requires a waiver of the right to class action litigation and arbitration, and because the class action waiver satisfies the factors set out in *Discover Bank,* the arbitration clause is unconscionable and unenforceable under California law. As a result, there is no need to address the parties' arguments regarding the issue of whether the class action waiver applies to ACS, rather than just to EFP.

### *Conclusion*

The court holds that the arbitration clause is unconscionable under California law. Defendants' motion to compel arbitration and stay this action is therefore denied.

SO ORDERED.