Dr. Christine NAYAL, individually and for all others similarly situated, Plaintiffs,

v.

HIP NETWORK SERVICES IPA, INC., Defendant.

No. 08 Civ. 10170.

United States District Court, S.D. New York.

May 28, 2009.

---

Craig Stuart Lanza, Balestriere PLLC, New York, NY, for Plaintiffs.

Cynthia Evans Neidl, Victoria Pauline Lane, Greenberg Traurig, LLP, Albany, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Dr. Christine Nayal ("Nayal") brought this class action on behalf of herself and all others similarly-situated against defendant HIP Network Services IPA, Inc. ("HIP"), asserting claims of breach of contract, unjust enrichment, and violation of New York General Business Law § 349 ("§ 349"). HIP filed a motion to compel arbitration of Nayal's claims pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 2–4, or, in the alternative, to dismiss Nayal's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").

For the reasons discussed below, HIP's motion to compel arbitration is GRANTED with respect to all claims, and the Court therefore does not consider HIP's Rule 12(b)(6) motion.

## I. BACKGROUND [1]

On May 31, 2007, Nayal, a practicing psychologist and medical healthcare provider, signed an agreement with HIP, a health maintenance organization ("HMO"), effective November 1, 2007. (See Declaration of Victoria P. Lane, dated March 16, 2009, Ex B. (Agreement Between HIP Network Services IPA, Inc. and Participating Practitioner (the "Agreement")).) [2] The Agreement allows for Nayal to provide covered services to members of various government and commercial health plans, and for Nayal to submit claims for reimbursement for her costs of providing those covered services.

The Agreement contains an arbitration clause (the "Arbitration Provision"), which provides:

> *Arbitration.* If any dispute between the parties arises out of or relates to this Agreement, and Practitioner has exhausted all internal appeals and grievance procedures provided in the Provider Manual and the parties cannot settle such dispute by good faith negotiation within thirty (30) business days, and the dispute concerns an amount less than $750,000 the parties agree that the dispute shall be resolved through binding arbitration ... which shall be conducted in New York, New York in accordance with the American Health Lawyers Association (AHLA) Alternative Dispute Resolution Service Rules of Procedure for Arbitration....

(Agreement at 25.) In addition, the Agreement provides that it "shall be governed by and construed under the laws of the State of New York without giving effect to the conflict of laws principles thereof." (*Id.* at 24.)

In the Complaint, Nayal alleges that on April 17, 2008 she mailed claims to HIP

---

1. The facts below are taken from the First Amended Complaint, dated February 23, 2009 ("Complaint"), and the documents attached to it or incorporated by reference. *See Global Network Commc'ns, Inc. v. City of N.Y.,* 458 F.3d 150, 156–57 (2d Cir.2006). Except where specifically referenced, no further citation to these sources will be made.

2. The signature on the Agreement under the heading "Practitioner" reads "Christine Stiffler, Ph.D."; however, because neither party disputes that Nayal is the signatory, the Court assumes that the Agreement is between Nayal and HIP.

for services rendered on March 31, 2008 and April 7, 2008 for a total of $130, but that HIP denied payment for the April 7, 2008 claims. Nayal further alleges that she contacted HIP on multiple occasions and that she was twice instructed to resubmit the unpaid claims. Nayal alleges that, after several more unsuccessful attempts to contact HIP, she was first compensated for the April 7, 2008 claims in late July, when HIP sent "some of the money it owed"; however, Nayal did not receive interest, explanation for the late payment, and the payment she did receive was below her rates.[3] (Complaint ¶ 26.) Nayal concludes that HIP: (1) breached the Agreement by failing to have personnel available to address her concerns, failing to reimburse her claims in a timely manner, failing to reimburse her claims at an appropriate rate, and failing to pay interest for overdue payments; (2) was unjustly enriched because it did not make payments in a timely manner and did not pay interest for overdue payments; and (3) violated § 349 by engaging in deceptive acts and practices, resulting in the denial of payments to Nayal, who spent significant time and resources in an effort to obtain those payments.

HIP now moves the Court to compel arbitration on each of these claims pursuant to the Arbitration Provision. Nayal opposes the motion, arguing that the Arbitration Provision is unconscionable, and therefore unenforceable.

## II. *DISCUSSION*

### A. *LEGAL STANDARD*

■ "The FAA creates a 'body of federal substantive law of arbitrability, appli-

cable to any arbitration agreement within the coverage of the [FAA].'" *Mehler v. Terminix Int'l Co. L.P.*, 205 F.3d 44, 47 (2d Cir.2000) (*quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). "The FAA is an expression of 'a strong federal policy favoring arbitration as an alternative means of dispute resolution.'" *Ross v. American Exp. Co.*, 547 F.3d 137, 142 (2d Cir.2008) (*quoting Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d Cir.2001)). Indeed, "it is difficult to overstate the strong federal policy in favor of arbitration, and it is a policy [the Second Circuit has] often and emphatically applied." *Arciniaga v. General Motors Corp.*, 460 F.3d 231, 234 (2d Cir.2006) (internal quotation marks omitted). That said, a party may be compelled to arbitrate a dispute only to the extent he or she has agreed to do so. *See Bell v. Cendant Corp.*, 293 F.3d 563, 566–67 (2d Cir.2002).

Under the FAA, "[a] written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA provides the Court with the authority to compel arbitration if the parties have entered into an agreement to arbitrate and one party refuses to honor that agreement. *See id.* § 4.

■ In deciding whether an action should be sent to arbitration, the Court must conduct the following inquiry:

---

**3.** It is unclear whether Nayal was later fully compensated at her requested rate and with interest. Nayal alleges that a "higher-up representative" in HIP began "working with her" after she contacted a media outlet about her experience, but "even after this representative began working with" Nayal, it still took several weeks for Nayal to "receive the payments owed." (Complaint ¶¶ 29–30.)

[F]irst, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration. *JLM Indus. v. Stolt–Nielsen SA,* 387 F.3d 163, 169 (2d Cir.2004) (*quoting Oldroyd v. Elmira Sav. Bank, FSB,* 134 F.3d 72, 75–76 (2d Cir.1998)).

Nayal does not contest that, under the second *Oldroyd* factor, the scope of the Arbitration Provision covers each of her claims: all three claims involve HIP'S alleged failure to provide repayment in a timely fashion with interest, and such claims indisputably "arise[ ] out of or relate[ ] to" the Agreement. (Agreement at 25.) Nor does Nayal dispute that the third *Oldroyd* factor is inapplicable, as none of her three claims are federal statutory claims.[4]

■ Nayal's sole challenge to HIP's motion to compel arbitration is premised on the first *Oldroyd* factor: whether Nayal and HIP entered an enforceable agreement to arbitrate. Specifically, Nayal argues that the Arbitration Provision "should be deemed unenforceable by this Court and [Nayal] should not be compelled to arbitrate her claims, since the terms of the Arbitration Provision in the HIP Agreement are both procedurally and substantively unconscionable." (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Compel Arbitration, or Alternatively, Dismiss the Amended Complaint, dated April 16, 2009 ("Nayal Opp."), at 5.) HIP responds that the Arbitration Provision is neither procedurally nor substantively unconscionable, and is thus enforceable. (*See* HIP's Reply Memorandum of Law in Further Support of Its Motion to Compel Arbitration or, in the Alternative, to Dismiss the Complaint, dated April 29, 2009, at 2–5.)

## B. *UNCONSCIONABILITY OF THE ARBITRATION PROVISION*

### 1. *Legal Standard*

■ If the Arbitration Provision is unconscionable, the Court may not compel arbitration in this matter. As noted above, the FAA recognizes that an arbitration clause is not enforceable on "such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[G]enerally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements" in accordance with § 2 of the FAA. *Doctor's Assocs., Inc. v. Casarotto,* 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996). Thus, unconscionability is an available defense to the enforcement of the Arbitration Provision. *See, e.g., Fensterstock v. Education Fin. Partners,* No. 08 Civ. 3622, 2009 WL 812046, at *2 (S.D.N.Y. Mar. 24, 2009).

■ "It is clear that questions of contractual validity relating to the unconscionability of the underlying arbitration agreement must be resolved first, as a matter of state law, before compelling arbitration pursuant to the FAA." *Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel,* 346 F.3d 360, 365 (2d Cir.2003); *see also Perry v. Thomas,* 482 U.S. 483, 492 n. 9, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987) ("[S]tate law, whether of legislative or judicial origin, is applicable [in an FAA action] *if* that law

---

**4.** The fourth *Oldroyd* factor is not applicable, as the Court has determined that all of Nayal's claims are arbitrable. The Court address-es the issue of staying or dismissing the action in Section II.C.

... govern[s] issues concerning the validity, revocability, and enforceability of contracts generally." (emphasis in original)); *Fensterstock*, 2009 WL 812046, at *2 (applying state law in determining unconscionability of arbitration clause); *Ragone v. Atlantic Video at Manhattan Ctr.*, No. 07 Civ. 6084, 2008 WL 4058480, at *3 (S.D.N.Y. Aug. 29, 2008) (same). In this case, the Agreement provides that it "shall be governed by and construed under the laws of the State of New York without giving effect to the conflict of laws principles thereof." (Agreement at 24.) In addition, neither party disputes that New York law applies to the determination of whether the Arbitration Provision is unconscionable. The Court therefore analyzes the unconscionability of the Arbitration Provision pursuant to the law of New York.[5]

 Under New York law, a contract is unconscionable when it "is so grossly unreasonable or unconscionable in the light of the mores and business practices of the time and place as to be unenforcible [sic] according to its literal terms." *Gillman v. Chase Manhattan Bank, N.A.*, 73 N.Y.2d 1, 537 N.Y.S.2d 787, 534 N.E.2d 824, 828 (1988). Generally, there must be a showing that such a contract is both procedurally and substantively unconscionable. *See id.* "The procedural element of unconscionability concerns the contract formation process and the alleged lack of meaningful choice; the substantive element looks to the content of the contract, per se." *State v. Wolowitz*, 96 A.D.2d 47, 468 N.Y.S.2d 131, 145 (1983); *see also Desiderio v. National Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 207 (2d Cir.1999)

("A contract or clause is unconscionable when there is an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." (quotation marks omitted)).

### 2. Procedural Unconscionability

Naval first argues that the Arbitration Provision is procedurally unconscionable because she lacked meaningful choice concerning arbitration. According to Nayal, "[t]he only way for the medical health professionals to subscribe to the largest HMO in the New York State area was to sign the contract, with no opportunity to change or negotiate the pre-drafted terms of the HIP Agreement." (Nayal Opp. at 8–9.) Nayal concludes that because the Agreement was a form contract offered on a "take-it-or-leave-it" basis, she lacked meaningful choice with respect to the Arbitration Provision.

Nayal's argument fails for two reasons. First, the Complaint does not allege that Nayal had no opportunity to negotiate the terms of the Agreement or that HIP prevented her from doing so; thus, Nayal offers no support to her characterization of the Agreement as "take-it-or-leave-it." Second, even if the Agreement was a form contract offered on a "take-it-or-leave-it" basis and HIP refused to negotiate the Arbitration Provision, this is not sufficient under New York law to render the provision procedurally unconscionable. *See, e.g., Anonymous v. JP Morgan Chase & Co.*, No. 05 Civ. 2442, 2005 WL 2861589, at *6 (S.D.N.Y. Oct. 31, 2005) ("The plaintiff points out that the Cardmember Agree-

---

**5.** The presence of a choice-of-law provision "does not automatically settle the choice-of-law question"; while New York courts do generally defer to the choice of law made by parties to an agreement, a court may disregard that choice when another state has the most significant contacts with the matter in dispute. *Cap Gemini*, 346 F.3d at 365. In this case, Nayal resides and works in New York, and HIP's headquarters are located in New York. Under these circumstances, New York has sufficient contacts with the matter such that the choice-of-law provision should be effectuated.

ment is a printed form and is offered on a take-it-or-leave-it basis. However, this is insufficient to render the contract unconscionable, particularly when the plaintiff had the ability to go to other sources of credit." (listing cases recognizing that, under New York law, a form contract offered on a "take-it-or-leave-it" basis does not alone render a contract procedurally unconscionable)); *see also Bar–Ayal v. Time Warner Cable Inc.*, No. 03 Civ. 9905, 2006 WL 2990032, at *16 (S.D.N.Y. Oct. 16, 2006) (refusing to find arbitration provision unconscionable because plaintiff "has not provided any evidence that he could not obtain high-speed Internet service from another provider"); *Ranieri v. Bell Atl. Mobile*, 304 A.D.2d 353, 759 N.Y.S.2d 448, 449 (1st Dep't 2003) ("It does not avail plaintiff to argue that the arbitration provision is unconscionable without offering evidence that he could not have chosen another service provider."). Nayal does not dispute that the services offered by HIP were available from another HMO; to the contrary, she implicitly concedes that other HMOs were available.[6] Thus, Nayal fails to establish procedural unconscionability on these grounds.

Nayal next argues that, compared to HMOs, she and other medical health professionals are less sophisticated, have less experience with medical health provider contracts, and have diminished bargaining power. These assertions fail to persuade the Court that the Arbitration Provision is procedurally unconscionable.

 It is beyond dispute that, under New York law, "[a]rbitration agreements are enforceable despite an inequality in bargaining power." *Tsadilas v.*

*Providian Nat'l Bank*, 13 A.D.3d 190, 786 N.Y.S.2d 478, 481 (1st Dep't 2004); *see also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) (refusing to hold that arbitration agreements in employment contexts are unenforceable based upon "[m]ere inequality in bargaining power"). However, "[w]hile inequality in bargaining power ... is not alone sufficient to hold arbitration agreements unenforceable, such inequality, when coupled with high pressure tactics that coerce [a signatory's] acceptance of onerous terms, may be sufficient to show that [the signatory] lacked a meaningful choice." *Brennan v. Bally Total Fitness*, 198 F.Supp.2d 377, 382 (S.D.N.Y.2002) (citations omitted).

Nayal does not allege that HIP used high pressure tactics or any other form of coercion in attaining her consent to the Arbitration Provision. She does not allege, for example, that HIP did not provide her with sufficient time to read the Agreement, that she was not permitted to review the Agreement with an attorney, or that HIP undertook any other action that resulted in Nayal being "coerced or pressured into signing the Agreement without reading it or that the Agreement was induced by fraud or entered into under duress." *Ciago v. Ameriquest Mortgage Co.*, 295 F.Supp.2d 324, 329 (S.D.N.Y.2003); *see also Brennan*, 198 F.Supp.2d at 382 (finding arbitration agreement to be procedurally unconscionable where plaintiff: (1) was a single mother, pregnant with twins, who needed health insurance; (2) was provided only fifteen minutes to review the agreement; and (3) was threatened that

---

**6.** Nayal cites to *Ingle v. Circuit City Stores*, 328 F.3d 1165 (9th Cir.2003) for the proposition that "the availability of other options does not affect the existence of procedural unconscionability." (Nayal Opp. at 9 n. 4.) However, *Ingle* was determined under Cali-

fornia law, not New York law. Under New York law, such availability does affect procedural unconscionability. *See Ranieri*, 759 N.Y.S.2d at 449; *Bar–Ayal*, 2006 WL 2990032, at *16.

she would not be promoted unless she signed the agreement). Rather, Nayal contends that "the mere fact that HIP is an HMO with a broad and extensive network" evidences a disparity of bargaining power. (Nayal Opp. at 10.) This is essentially a claim of inequality in bargaining power, and as stated above, that alone cannot form a basis for procedural unconscionability.

The Court likewise is not persuaded by Nayal's reliance upon HIP's alleged advantage in sophistication and experience. When Nayal entered into the Agreement, she was an educated doctor engaging in a business transaction—a far cry from the prototypical "uneducated" and "needy" individual for whom the unconscionability doctrine was fashioned. *Klos v. Lotnicze,* 133 F.3d 164, 168 (2d Cir.1997); *cf. Doctor's Assocs., Inc. v. Jabush,* 89 F.3d 109, 113 (2d Cir.1996) (holding that plaintiffs, "[a]s purchasers of a Subway sandwich franchise, . . . were not vulnerable consumers or helpless workers. They [were] business people who bought a franchise" (citations omitted)).

The Court concludes, based on the circumstances present in this action, that the Arbitration Provision is not procedurally unconscionable.

### 3. *Substantive Unconscionability*

Nayal next argues that the Arbitration Provision is substantively unconscionable because "it provides HIP with the benefit of arbitration for all potential claims under $750,000, effectively barring class actions." (Nayal Opp. at 10.) The Court easily rejects Nayal's argument, as her premise that class action waivers are unconscionable rests upon California and Washington law, not New York law. *See Discover Bank v. Superior Court,* 36 Cal.4th 148, 30 Cal.Rptr.3d 76, 113 P.3d 1100 (2005) (California law); *Szetela v. Discover Bank,* 97 Cal.App.4th 1094, 118 Cal.Rptr.2d 862

(2002) (California law); *Luna v. Household Fin. Corp. III,* 236 F.Supp.2d 1166 (W.D.Wash.2002) (Washington law). Courts applying New York law, however, have uniformly held that class action waivers are not unconscionable. *See, e.g., Bar-Ayal,* 2006 WL 2990032, at *16; *Tsadilas,* 786 N.Y.S.2d at 480 ("Under New York law, 'a contractual proscription against class actions . . . is neither unconscionable nor violative of public policy.'" (*quoting Ranieri,* 759 N.Y.S.2d at 449)). If a wholesale class action waiver is not unconscionable, then a provision imposing mandatory arbitration for claims under $750,000 certainly is not unconscionable.

In addition, the Arbitration Provision is not substantively unconscionable because it equally binds HIP and Nayal to arbitration, and therefore does not unreasonably favor HIP. *See, e.g., JLM Indus.,* 387 F.3d at 170 n. 5 ("Even where there is some disparity in bargaining power, there is no inherent unfairness or unconscionability in an arbitration clause if both parties are bound by it and know of its existence."); *Desiderio,* 191 F.3d at 207 ("[The contract] binds *both* parties to mandatory arbitration and may not be said to favor the stronger party unreasonably." (emphasis in original)).

While the Court need only find an absence of either procedural or substantive unconscionability in order to compel arbitration, *see Gillman,* 537 N.Y.S.2d 787, 534 N.E.2d at 828 (requiring a showing of procedural and substantive unconscionability), the absence of *both* forms in this action leaves no doubt that the Arbitration Provision is not unconscionable. The Court therefore grants HIP's motion to compel arbitration.

Because the Court grants HIP's motion to compel arbitration, it does not consider HIP's Rule 12(b)(6) motion to dismiss the Complaint for failure to state a claim.

## C. DISMISSAL OF THE ACTION

The FAA directs the district court, "on application of one of the parties," to enter a stay in a case where the asserted claims are "referable to arbitration." 9 U.S.C. § 3. However, "[a]ll courts of which we are aware have followed the rule that, '[w]here all of the issues raised in the Complaint must be submitted to arbitration, the Court may dismiss an action rather than stay proceedings.'" *Spencer–Franklin v. Citigroup/Citibank N.A.*, No. 06 Civ. 3475, 2007 WL 521295, at *4 (S.D.N.Y. Feb. 21, 2007) (*quoting Rubin v. Sona Int'l Corp.*, 457 F.Supp.2d 191, 198 (S.D.N.Y.2006)) (collecting cases); *see also Kowalewski v. Samandarov*, 590 F.Supp.2d 477, 491 (S.D.N.Y.2008); *Drakeford v. Washington Mut.*, No. 07 Civ. 3489, 2008 WL 2755838, at *4 (S.D.N.Y. July 11, 2008).

Because the Court has determined that all of Nayal's claims must be submitted to arbitration, the Court dismisses this action without prejudice.

## III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 11) of defendant HIP Network Services IPA, Inc. to compel arbitration is GRANTED.

The Clerk of the Court is directed to withdraw any pending motions and to close this case without prejudice.

**SO ORDERED.**