09-1562-cv
Fensterstock v. Education Finance Partners

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

# <u>S U M M A R Y   O R D E R</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of June, two thousand eleven.

Present:     AMALYA L. KEARSE,
             JOSÉ A. CABRANES,
             CHESTER J. STRAUB,

                    <u>Circuit Judges</u>.

_____

JOSHUA G. FENSTERSTOCK, an individual, on his own behalf and on behalf of all similarly situated,

                    <u>Plaintiff-Appellee</u>,

                    - v. -                              No. 09-1562-cv

EDUCATION FINANCE PARTNERS, a California corporation,

                    <u>Defendant</u>,

AFFILIATED COMPUTER SERVICES, INC., a Delaware Corporation,

                    <u>Defendant-Appellant</u>.
_____

For Plaintiff-Appellee:  ABBEY SPANIER RODD & ABRAMS (Orin Kurtz, Karin E. Fisch, of counsel), New York, New York; MCLAUGHLIN & STERN (Alan E. Sash, of counsel), New York, New York.

For Defendant-Appellant:  HINSHAW & CULBERTSON (Edward K. Lenci, of counsel), New York, New York.

In Fensterstock v. Education Finance Partners, 611 F.3d 124 (2d Cir. 2010) ("Fensterstock II"), vacated and remanded, 131 S. Ct. --- (2011), No. 10-987, 2011 WL 338870 (U.S. June 13, 2011), this Court affirmed the judgment of the United States District Court for the Southern District of New York, see 618 F.Supp.2d 276 (2009) ("Fensterstock I"), denying defendants' motion to compel arbitration, holding that the arbitration clause of the promissory note at issue was, because of its class-action and class-arbitration waiver provision, unconscionable under Discover Bank v. Superior Court, 36 Cal. 4th 148, 113 P.3d 1100 (2005) ("Discover Bank"), and its progeny. In AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740 (2011), the Supreme Court of the United States ruled that "California's Discover Bank rule is preempted by the [Federal Arbitration Act, 9 U.S.C. § 1 et seq.]." 131 S. Ct. at 1753. Accordingly, the Supreme Court has vacated this Court's decision in Fensterstock II and remanded for further consideration in light of AT&T Mobility LLC v. Concepcion. See Affiliated Computer Services, Inc. v. Fensterstock, 131 S. Ct. --- (2011), No. 10-987, 2011 WL 338870 (U.S. June 13, 2011) ("Fensterstock III").

In Fensterstock II this Court, having ruled that the arbitration clause was unenforceable under Discover Bank, declined to reach either (a) plaintiff's contention that defendant-appellant Affiliated Computer Services, Inc. ("ACS"), as a nonparty to the agreement containing the arbitration clause, lacks standing to compel plaintiff to submit his claims to arbitration, or (b) ACS's contention that plaintiff, who asserts claims against ACS under that agreement, is estopped from raising that standing issue. See Fensterstock II, 611 F.3d at 130-32. Because the Discover Bank rationale is no longer viable, and because the district court in Fensterstock I likewise had not reached the merits of plaintiff's standing contention or ACS's defense to that contention, see 618 F.Supp.2d at 280, we hereby REMAND this matter to the district court for initial consideration of those arbitrability issues, as well as any other issues that are not foreclosed by Fensterstock III.

Any new appeal in this matter from the district court's decision on the remanded issues as to arbitrability shall be referred to this panel.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court