Brown v Hossain (2026 NY Slip Op 00189)

Brown v Hossain

2026 NY Slip Op 00189

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kern, J.P., Scarpulla, Kapnick, Shulman, Hagler, JJ. 

Index No. 805097/23|Appeal No. 5626,5626A|Case No. 2024-04247, 2025-01693|

[*1]Sandra Brown, etc., Plaintiff-Appellant,
vAfzal Hossain et al., Defendants, NYC Medical Practice LLC Doing Business as Goals Aesthetics and Plastic Surgery, Defendant-Respondent.

Zucker & Regev, P.C., Brooklyn (Guy Regev of counsel), for appellant.
Shapiro, Croland, Reiser, Apfel and Di Iorio, LLP, New York (Joshua M. Lurie of counsel), for respondent.

Order, Supreme Court, New York County (Kathy King, J.), entered June 3, 2024, which granted the motion of defendant NYC Medical Practice LLC d/b/a Goals Aesthetics and Plastic Surgery (Goals) pursuant to CPLR 7501 to dismiss the complaint as against it and compel arbitration, in effect dismissing the complaint as against defendants Afzal Hossain, M.D., and Afzal Hossain Physician P.C. (together, the Afzal defendants), unanimously modified, on the law, to sever and reinstate the complaint as against the Afzal defendants, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered February 12, 2025, which denied plaintiff's motion for leave to reargue, unanimously dismissed, without costs, as taken from a nonappealable order.
Supreme Court properly granted Goals' motion to dismiss the complaint as against it and compel arbitration. Goals properly authenticated the Cosmetic Surgery Agreement in this action "by submitting the agreement with the arbitration clause electronically signed by [the decedent] through its digital signature technology company, a signature certificate, and an audit log with timestamps of who accessed the document and from what IP address" (Sanchez v NYC Med. Practice, P.C., 241 AD3d 1215, 1215 [1st Dept 2025]; see also Knight v New York & Presbyt. Hosp., 42 NY3d 699, 704-705 [2024]).
As part of that agreement, the parties agreed "to arbitrate any claim, dispute, [or] controversy . . . that may arise out of [or] relate to this Agreement" and expressly stated their "intention" to arbitrate "all issues and disputes" between them. That language is sufficiently broad to include plaintiff's claims of medical malpractice, which arise directly from the liposuction procedure covered by the agreement (see Matter of Weinrott [Carp], 32 NY2d 190, 199 [1973]).
Contrary to plaintiff's argument, the agreement is not unenforceable as unconscionable or as an adhesion agreement. Plaintiff has not shown any deceptive or high-pressured tactics at the time the decedent executed the agreement, and the terms do not unreasonably favor Goals (see Gillman v Chase Manhattan Bank, 73 NY2d 1, 11 [1988]; Dabriel, Inc. v First Paradise Theaters Corp., 99 AD3d 517, 520-521 [1st Dept 2012]). Plaintiff also has not shown how the agreement left the decedent with no choice but to "take it or leave it," as decedent maintained the ability to have the procedure done elsewhere (see Brower v Gateway 2000, 246 AD2d 246, 252 [1st Dept 1998]; see also Ranieri v Bell Atl. Mobile, 304 AD2d 353, 354 [1st Dept 2003], lv denied 1 NY3d 502 [2003]).
In dismissing the complaint against Goals and compelling arbitration, however, the court should have severed plaintiff's claims against the Afzal defendants (see CPLR 603). They were not parties to the arbitration agreement, nor did they move to dismiss the complaint as against them or submit a respondent's brief on appeal. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026